Commonwealth *v.* Halteman, Appellant.

Argued March 23, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*James J. Himsworth, Jr.,* for appellant.

*Elmer T. Bolla,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellee.

OPINION BY WOODSIDE, J., June 15, 1960:

This is an appeal by Melvin A. Halteman from a suspension of his license to operate a motor vehicle.

The Secretary of Revenue suspended appellant's license for eleven months for an "improper pass on curve or crest of hill" in violation of §1008(b) of The Vehicle Code of May 1, 1929, P.L. 905, as amended, 75 P.S. §543(b). The alleged violation occurred in the State of Indiana.

Halteman appealed the suspension to the Court of Common Pleas of Montgomery County alleging in his petition for appeal as follows: "On May 22, 1958, Petitioner was arrested and charged with an improper pass by an Indiana State Policeman. The alleged violation occurred while Petitioner was operating his truck in the State of Indiana. Petitioner disposed of the charge by paying the fine without a hearing." He charged that the suspension was "illegal, unreasonable, and an abuse of discretion on the part of the Department of Revenue in that: (a) Suspension of petitioner's license

would cause him great hardship, expense, and inconvenience. (b) Petitioner was not guilty of the alleged illegal passing."

After hearing, the court below made findings of fact and dismissed the appeal. Halteman appealed to this Court. The appeal to this Court is authorized by the Act of May 29,· 1956, P.L. (1955) 1850, which amended §616 of The Vehicle Code, supra, 75 P.S. §193. We have held that the scope of our review is limited to that exercised by the Supreme Court prior to the Act of 1956. *Commonwealth v. Fisher*, 184 Pa. Superior Ct. 75, 81, 132 A. 2d 739 (1957). It is our duty to examine the testimony to determine whether the findings of the court below are supported by competent evidence, and to correct any conclusions of law erroneously made. *Commonwealth v. Emerick*, 373 Pa. 388, 398, 96 A. 2d 370 (1953). The action of the hearing court may not be interfered with upon appeal except for a manifest abuse of discretion or error of law. *Bureau of Highway Safety v. Wright*, 355 Pa. 307, 309, 49 A. 2d 783 (1946).

Although we have a limited review of the action of the court below, that court's hearing of the case is de novo. An appeal to the court of common pleas is not for the purpose of reviewing the evidence taken before the secretary and his action thereon. *Commonwealth v. Herzog*, 359 Pa. 641, 643, 60 A. 2d 37 (1948). Neither the action of the secretary nor the testimony taken before him or his representative, is properly a part of the record in the court of common pleas. *Commonwealth v. Emerick*, supra, 373 Pa. 388, 394, 395, 96 A. 2d 370 (1953).

The burden is upon the Commonwealth to establish a prima facie case in the court below. It cannot meet this burden by merely introducing the action of the secretary into the record. *Commonwealth v.*

*Emerick,* supra; *Commonwealth v. Herzog,* supra. The test in the court of common pleas is not whether the secretary abused his discretion but whether, from the evidence before the court, the license of the appellant should be suspended.

The appellant's license was suspended by virtue of the authority given the Secretary of Revenue by §615(e) of The Vehicle Code, as amended, supra, 75 P.S. §192(e), which provides: "The secretary is hereby authorized after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator."

The appellant contends that the only manner in which his conviction can be proven is by following the Act of Congress, June 25, 1948c 646, 62 Stat. 947, 28 U.S.C.A. 1738. We doubt whether this Act has any application to motor violations of the type here involved. Even if it did, the method provided in Acts of Congress is not the sole method of proving the convictions. *Kean v. Rice,* 12 S. & R. 202 (1824); *Commonwealth ex rel. Rogers v. Daven,* 96 Pa. Superior Ct. 556, 148 A. 524 (1929) reversed on other grounds in 298 Pa. 416.

It is not necessary to prove by eye witnesses that the appellant is guilty of the offense of illegal passing in Indiana. It is not necessary to bring the arresting Indiana policeman before the Secretary of Revenue and the court below to testify. Such a requirement would completely nullify the authority given the secretary by the legislature to suspend operators' licenses for con-

victions of motor law violations in other states. Considering the number of such violations and the number of necessary trips for witnesses in each case (at least two in all appeals and because of continuances often more—probably five in this case), it would be impossible to obtain evidence in practically all cases. The legislature's intention would thus be completely thwarted.

The legislature's intent to give the executive the right to suspend operators' licenses of those convicted of motor violations outside of the Commonwealth and the executive's desire to carry out its duty to provide reasonably safe highways should not be thwarted by judicial requirements of proofs which are impossible to obtain. As stated by the late Mr. Justice STEARNE, " 'the successful and efficient administration of government *assumes* that each branch will cooperate with the others.' " *Commonwealth v. Emerick,* supra, p. 397.

The proceedings to suspend operators' licenses are civil, not criminal. A license to operate a motor vehicle is not a contract or a right of property. It is a limited right to use a public highway. It is for the Commonwealth, acting through the legislature, to direct the conditions under which this right shall be exercised.

"The permission to operate a motor vehicle upon the highways of the Commonwealth is not embraced within the term civil rights, nor is a license to do so a contract or a right of property in any legal or constitutional sense. Although the privilege may be a valuable one, it is no more than a permit granted by the state, its enjoyment depending upon compliance with the conditions prescribed by it, and subject always to such regulation and control as the state may see fit to impose.

. . .

"Even if the license were a right of property, which it is not, it would be held in subordination to such rea-

sonable regulations by the state as are clearly necessary to preserve the safety, health and morals of the people. The enforcement of these regulations by revocation or suspension of the privilege is not the taking of property without due process of law." *Commonwealth v. Funk*, 323 Pa. 390, 395, 396, 186 A. 65 (1936).

In §615(e) of The Vehicle Code, supra, the legislature authorized the secretary to suspend the operator's license "upon *receiving notice* of the conviction of such person in another state". This language differs from that used in (b) of the same section in which the legislature authorized the secretary to suspend an operator's license when he *"finds upon sufficient evidence:* 2. that such person has *committed* any violation of the motor vehicle or tractor laws of this Commonwealth." (Emphasis supplied in both subsections.) Had the legislature intended the same meaning to be given to both subsections it would have used the same language in both. Under paragraph (b), the secretary, and the court upon appeal, must "find upon sufficient evidence" that the licensee "committed" a violation. Under paragraph (e) the Commonwealth must present evidence that the Secretary received "notice of the conviction" of the licensee in another state. The notice, of course, must be an *official* notice from that state.

It is necessary in appeals of this type for the Commonwealth to put into evidence the notice of conviction. When this is done the Commonwealth has made out a prima facie case, and acting upon it, the secretary and the court may suspend the license. The licensee must be given the opportunity to be heard. He has the right not only to deny that he was convicted, but also to present evidence of the circumstances of the alleged violation, and of other matters which might mitigate the offense. After the hearing, or the failure of the licensee to appear, the secretary, and upon appeal the court,

may impose a suspension for such period as is just under all the circumstances.

Judge GERBER noted during the hearing that the record here leaves much to be desired. Ordinarily, we would remand the case so that the Commonwealth could introduce the evidence of the conviction which the secretary received from Indiana. Here, however, the appellant in his petition for appeal to the Court of Common Pleas admits that he paid a fine for the violation in Indiana. This constitutes an admission of conviction. It would be useless to remand the case to determine an admitted fact. The appellant was given an opportunity by the court below to present any evidence which he desired, but he did not take advantage of the opportunity during the first hearing, and failed to appear at a continued hearing.

The offense for which the appellant was convicted in Indiana involved a violation which would have been an offense under §1008(b) of The Vehicle Code of Pennsylvania. Therefore, the offense was one "which, if committed in this Commonwealth, would be grounds for the suspension . . . of the license of an operator," as is required by §615(e), supra.

The penalty of eleven months was reasonable under the evidence. The secretary and the court below would be justified in concluding that the appellant was a menace to users of the highway. Between September of 1955 and May 22, 1958, he had his license suspended four times and in addition he was convicted of speeding twice and of improper passing once, for which no suspensions were given. The violation here under consideration was his *eighth* in less than three years. Operators with such records should not be allowed to endanger the lives of law-abiding users of the highways.

Order affirmed.