## Sheehy License

*W. V. Mallin*, for appellant.

*Anne X. Alpern*, Attorney General, and *Elmer T. Bolla*, Deputy Attorney General, for Commonwealth.

WEINROTT, J., February 8, 1961.—Petitioner, Francis E. Sheehy, is a duly licensed motor vehicle operator in this Commonwealth. On November 16, 1959, while in the course of his employment, operating a bus in New Jersey, he was apprehended by a policeman there and charged with violating the speed law in that he allegedly traveled at the rate of 63 miles per hour at a point where the limit is 50 miles per hour. The rate of speed was determined by a radar device; the record and official notice received from the State of New Jersey does not indicate whether or not petitioner was clocked at that rate of speed over any measured distance. On conviction of this offense in the State of New Jersey, notice was forwarded by the appropriate department in that State to the Secretary of Revenue of our Commonwealth, in accordance with the reciprocal arrangement between these sister States.

The matter was fully heard de novo by this court, and upon the testimony adduced we make the following:

### Findings of Fact

1. On November 16, 1959, petitioner, Francis E. Sheehy, in the course of his employment operated a motor bus in the State of New Jersey at a rate of speed of 63 miles per hour for at least one instant.

2. That rate of speed was traveled by petitioner in an area where the speed limit is 50 miles per hour.

3. Petitioner's speed was timed by a radar device, and on that basis he was convicted in the State of New Jersey for violating its speed laws.

4. The official notice of this violation of the law of the State of New Jersey was forwarded to the proper official of this Commonwealth.

5. Said notice did not state whether petitioner had been timed at the speed of 63 miles per hour over any measured distance.

### Discussion

The issue raised on this appeal is a very narrow one in that we are asked to determine whether a conviction for exceeding the speed limit of a sister State at a given instant is sufficient cause for the Secretary of Revenue to suspend the operating privileges of the driver under section 618(e) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §618(e).

This section reads as follows:

"(e) The secretary is hereby authorized, after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator."

The burden is upon the Commonwealth to establish a prima facie case in the court below. It cannot meet this burden by merely introducing the action of the secretary into the record. The test in the court of common pleas is not whether the secretary abused his discretion but whether, from the evidence before the court, the license of appellant should be suspended: Commonwealth v. Halteman, 192 Pa. Superior Ct. 379.

It is necessary in appeals of this type for the Commonwealth to put into evidence the notice from another state setting forth a conviction of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator. The licensee must be given the opportunity to be heard. He has the right not only to deny that he was convicted, but also to present evidence of

the circumstances of the alleged violation, and of other matters which might mitigate the offense. After the hearing, or the failure of the licensee to appear, the secretary, and upon appeal the court, may impose a suspension for such period as is just under the circumstances: Commonwealth v. Halteman, supra, at page 385.

Would the offense in the instant case if committed in this Commonwealth be grounds for the suspension or revocation of the operator's license? This hinges on whether the offense constitutes a violation of our Vehicle Code.

Section 1002(d)(1), 75 PS §1002(d)(1), of our Vehicle Code provided as follows:

"(d)(1) When the rate of speed of any vehicle is timed on any highway within a business or residence district, where official speed limit signs are erected, as provided in this section, for the purpose of ascertaining whether or not the operator of such vehicle is violating a speed provision of this act, such time may be taken by not less than two (2) peace officers, one of whom shall have been stationed at each end of a measured stretch, and no conviction shall be had upon the unsupported evidence of one (1) peace officer, except as hereinafter provided, and no such measured stretch shall be less than one-eighth (⅛) of a mile in length or, under any conditions, the rate of speed may be timed, for a distance of not less than one-quarter (¼) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation. An official certificate from an official speedometer testing station, showing such test was made, that the speedometer was adjusted for accuracy, if necessary, the date thereof, and the degree of accuracy of such speedometer, shall be competent and prima facie evidence

of the fact that such certificate was issued by an official speedometer testing station appointed by the secretary, and of the accuracy of the speedometer, in every proceeding where an information is brought charging a violation of this section."

It is readily apparent from the reading of the above section that an operator of a motor vehicle in this Commonwealth cannot be convicted for a violation of the speed laws of this Commonwealth unless he is timed at a speed exceeding the limit imposed for a measured distance varying from one-eighth of a mile to one-quarter of a mile, depending upon the circumstances. It would appear, therefore, that under the law of this Commonwealth a driver may for a shorter span than the measured distance set out in the law travel at a rate of speed in excess of that fixed by the statute.

There was no indication in the notice of the offense received from New Jersey that petitioner was clocked over any distance whatsoever, but rather was convicted on the basis of the speed at which he passed the radar device at the moment of his passing. The court need not here determine the validity of the radar timing device used to sustain the conviction in New Jersey; however, we do note that our statute requires that the timing device used be tested for accuracy for a period of at least 30 days prior to the date of the offense.

Since the notice of the offense does not contain the elements essential to support a suspension or revocation of the operator's privileges in this State, the Commonwealth has failed to establish a prima facie case. The conviction in the sister State must be for an offense which, if committed in this Commonwealth, would be the basis for revocation or suspension of one's operating privileges. The essential ele-

ment of the speed being persisted in for the requisite distance being absent, the suspension must fall.

### Conclusions of Law

1. That the order of the Secretary of Revenue suspending the operating privileges of petitioner, Francis E. Sheehy, was based on error of law.

2. That the official notice of the State of New Jersey to the Secretary of Revenue in this Commonwealth, informing of the offense, did not contain the elements requisite to sustain the suspension of petitioner's license.

3. That the appeal of petitioner must be sustained.

In view of the foregoing, this court enters the following:

### Order

And now, to wit, February 8, 1961, the order of the Secretary of Revenue suspending the operating privileges of petitioner, Francis E. Sheehy, is reversed and the appeal of said petitioner is sustained.