## Mandle License

116

*Frederick Y. Dietrick,* for appellant.

*Thomas Wood,* for Commonwealth.

## Opinion and Order

By GREEVY, J., May 10, 1961.—Appellant, Mortimer Bernard Mandle, Jr., was arrested in the State of Virginia and charged with speeding. Appellant posted a bond for a hearing at a later date but never appeared. A notice of a conviction was transmitted to the Secretary of Revenue of the Commonwealth of Pennsylvania on June 3, 1960, as a result of which the Secretary of Revenue suspended appellant's operating privileges for one month. Appellant duly filed his appeal, and the matter is now before the court de novo.

## Findings of Fact

1. Mortimer Bernard Mandle, Jr., is a resident of Lycoming County of Pennsylvania, and a licensed driver in the Commonwealth of Pennsylvania.

2. That Mortimer Bernard Mandle, Jr., was arrested on May 13, 1960, in the State of Virginia, on a charge of speeding.

3. That Mortimer Bernard Mandle, Jr., did not plead guilty to said charge.

4. That no hearing was held on said charge.

5. That Mortimer Bernard Mandle, Jr.'s operating privileges in the State of Virginia were not suspended.

6. That Mortimer Bernard Mandle, Jr., was not convicted of the offense of speeding on May 13, 1960.

## Discussion

Counsel for the Commonwealth of Pennsylvania offered into evidence Commonwealth's exhibit no. 1,

"A certified true and correct copy of a notice of conviction received as to Mortimer B. Mandle, Jr., of a speeding violation in the State of Virginia, May 26, 1960." The exhibit was objected to, in that it was not an "official notice" but "is a copy of the paper which was sent to the Secretary."

The court reserved its ruling until this time.

At the time of hearing, we did not have advantage of the appellate court opinion in the Witsch Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 384, wherein the court stated:

"Section 618(e) of The Vehicle Code of 1959, P. L. 58, 75 P.S. Section 618, provides: 'The secretary is hereby authorized *after a hearing* before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, *upon receiving notice* of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator.' . . .

"The legislature required only 'notice' of conviction in another state. It did not require a certification or a certified record of the conviction as it did from the clerk of the courts and the public utility commission for certain offenses referred to in Section 616 and Section 617 of The Vehicle Code, supra, 75 P.S. Section 616 and Section 617. The reason is obvious. Under Section 616 and Section 617, supra, the secretary acts upon the certification without a hearing. . .

"A hearing on the question of suspension is not a criminal procedure. The question is whether the operator may continue to exercise a privilege. Procedural and evidential burdens may be placed upon those seeking to exercise a privilege that may not be placed upon those charged with crime, or even upon

those defending property rights. For example, one seeking the privilege of operating a motor vehicle on the Commonwealth's highways is required to take an examination in order to prove to the Commonwealth that he is worthy of the privilege. Not only one seeking the privilege for the first time, but also, under certain circumstances, one wishing to continue the privilege already granted, may be required to establish to the Commonwealth's satisfaction that he is worthy of such privilege. There is, therefore, nothing unconstitutional, illegal, unfair or unusual for the legislature to authorize the secretary to say, in effect, to a licensee: 'We have received notice of your conviction of a certain offense in another state, which indicates an abuse of your privilege to operate a motor vehicle. You have the opportunity to appear and deny that you were convicted of such offense. If you do not deny the conviction, we shall conclude our information is correct, and we shall suspend your privilege to operate.'

"The legislature might have said that the secretary could suspend an operator's license after his 'conviction' of certain offenses in another state, or after a 'certification' of his conviction or after 'proof' of his conviction, all of which would have required more formal proof of the conviction. But it did none of these. It required only *notice* of conviction.'

"We said in Commonwealth v. Halteman, supra, 192 Pa. Superior Ct. 379, 385, 162 A. 2d 251 (1960), the notice had to be an 'official' notice. What we meant by 'official' was not that the notice had to be in any particular form, but that the secretary could not act upon a notice received from one not in an official position. In other words, the secretary could not act upon a notice given by a private citizen acting as a mere informant."

The notice received by the Secretary of Revenue of Pennsylvania from the State of Virginia, and offered

into evidence, conforms with the requirement of notice as defined by Judge Woodside in the Witsch Case.

Appellant's objection is overruled and Commonwealth's exhibit no. 1 is admitted into evidence.

The court entered into a full hearing de novo, and the matter will be disposed of on its merits.

The operator, Mortimer Bernard Mandle, Jr., appellant, testified that he was never convicted of the offense of speeding. He stated that he posted a bond for a hearing to be held on May 26, 1960, but that he did not attend the hearing, nor was he ever formally notified that he had been convicted of the offense.

The authority of the secretary is dependent upon the conviction of appellant. Judge Woodside, in the Witsch case, supra, page 386, stated:

". . . if the appellant establishes by his evidence that he was not convicted of such offense, then the court should reverse the action of the secretary. Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 385, 386, 162 A. 2d 251 (1960)."

Appellant's license was suspended by virtue of the authority given the Secretary of Revenue by section 618(e), supra. There is no question that the offense with which appellant was charged, if committed in the Commonwealth of Pennsylvania, would be grounds for the suspension of his operator's license, but whether or not there was a conviction of the offense is the question to be answered.

Appellant offered into evidence, as his exhibit no. 1, a receipt which specifically shows that the sum of $22.25 was deposited for his appearance at a hearing to be held on May 26, 1960. Appellant testified that, for economic reasons, he did not attend the hearing. A conviction presupposes a hearing, a presentation of evidence, a finding and a sentence, or a hearing, the entry of a plea, a finding and a sentence. Section 1202 of The Vehicle Code provides that "a person charged with

a summary offense who fails to appear must be brought in by means of a warrant": 75 PS §1202.

We are unable to find authority that a trial can be held in the absence of a defendant. The term "summary conviction" is defined in Black's Law Dictionary as follows:

"The conviction of a person (usually for a minor misdemeanor) as a result of his trial before a magistrate or Court without the intervention of a jury."

The authority of the secretary being dependent upon the conviction of defendant, we find that the suspension is not justified.

The court has examined the following cases, all of which can be differentiated: Commonwealth v. Halteman, 192 Pa. Superior 379, in which there was a hearing and admission by defendant that he paid a fine for a violation in another State; Witsch Motor Vehicle Operator License Case, supra, in which notice of conviction was received and wherein the court stated: "The operator was given an opportunity to deny the conviction but made no denial. The secretary was, therefore, authorized to refuse the appellee his operating privileges for one month"; Levy Motor Vehicle Operator License 194 Pa. Superior Ct. 390, wherein the court stated: "At the hearings before the secretary and the court, . . . the fact of conviction was not questioned"; Magida Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 398, the court stated, "There is no question of the conviction of Magida in New Jersey for speeding."

In addition, in the present case there were no aggravating circumstances such as carelessness or recklessness in the operation of the vehicle, and, if the violation occurred, it was due to inadvertance and was unintentional and accidental on the part of appellant. Further, an economic hardship would result if this

action of the secretary was sustained. See Commonwealth v. Sleeper, 8 Lyc. 47.

Wherefore, the court makes the following

### Conclusions of Law

1. That appellant, Mortimer Bernard Mandle, Jr., was not convicted of the offense of speeding in the State of Virginia.

2. That there are extenuating facts and circumstances such as inadvertency, unintentional or accidental occurrence.

3. That the action of the Secretary of Revenue in suspending the operating privileges of appellant was not justified.

### Order

And now, to wit, May 10, 1961, it is ordered and decreed that the appeal be and hereby is sustained. The Secretary of Revenue is ordered to reinstate the operating privileges of Mortimer Bernard Mandle, Jr.; costs on the county.