## Petersen License

*Murray S. Eckell*, for appellant.

*Francis R. Lord*, for Commonwealth.

DIGGINS, J., March 16, 1962. — Appellant herein was convicted of driving while intoxicated in the State

of Delaware and thereafter, following a hearing, his license to drive in Pennsylvania was suspended for six months and an appeal taken to the Court of Common Pleas of Delaware County.

At the trial, Commonwealth's counsel offered into evidence, as exhibit C-1, report of the conviction of appellant on the charge of operating while under the influence of intoxicating liquor in the State of Delaware on Route U. S. 13 near Lewes on July 5, 1960, and rested. When the Commonwealth's counsel offered in evidence the notice of conviction from the State of Delaware, defense counsel objected first on the ground that the notice was not directed to the Secretary of Revenue. This is without merit. The exhibit contains first a letter of transmittal addressed to the Honorable O. D. Shipley from Eugene B. Ellis, Acting Commissioner, Motor Vehicle Department of the State of Delaware, and a formal notice under seal from the State of Delaware of the conviction, together with a true and correct copy of the report thereof, and a certificate bearing the facsimile signature of Charles M. Dougherty, Secretary of Revenue, certifying the receipt of the report of the conviction. Further objection was made by defense counsel on the general ground that the evidence under which the conviction was had in Delaware would not be admissible in a like case in the Commonwealth of Pennsylvania. The objections were overruled and exhibit C-1 admitted in evidence.

Thereupon, defendant took the stand and testified that he was 46 years old, a selfemployed contractor, licensed to drive in Pennsylvania since 1932, and that he never had so much as a traffic ticket, and it was upon these technical objections and the evidence adduced by defendant that he and his counsel contended that the appeal from revocation in Pennsylvania should have been sustained.

At the conclusion of the hearing, the trial judge dis-

missed the appeal whereupon defendant appealed to the Superior Court.

All of the questions raised by defendant have been so specifically decided contrary to defendant's position that they require no particular elaboration in this case. In Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, decided June 15, 1960, and Commonwealth v. Gross, 193 Pa. Superior Ct. 46, decided September 16, 1960, matters herein raised were dealt with by the appellate court. Then came Witsch Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 384, intended by the appellate court to cover the entire situation having to do with the sufficiency of the notice, wherein it was held that such notices, indeed notices of less dignity than in the present case, were sufficient. This was followed by the decision in Levy Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 390, holding that the suspension of an operator's license is neither a sentence nor a penalty, but rather a limitation on a privilege not affecting a property right. Then came Sheehy Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 122, where the court again held that a license to operate a motor vehicle on the public highways of this Commonwealth is a privilege which the Commonwealth can grant, deny or limit upon any reasonable basis. This was followed by the decision in Hall Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 346, wherein the court specifically says that under §618(c) of The Vehicle Code of April 29, 1959, P. L. 58, the issue is not whether the operator committed an offense, but whether he was convicted of an offense, in another State which, if committed in this Commonwealth, would be grounds for the suspension or revocation of a license of an operator.

In that case, it was further pointed out that if the revocation is authorized after hearing before the secretary or his representative, on an alleged offense com-

mitted in Pennsylvania, the action is under subsection (b) 2 of §615 of The Vehicle Code of May 1, 1929, P. L. 905, which provides:

"The secretary may suspend the operator's license . . . whenever the secretary *finds upon sufficient evidence:* . . . (2) That such person has *committed any violation* of the motor vehicle or tractor laws of this Commonwealth." (Italics not supplied.)

and the court said the issue on such a suspension is de novo before the common pleas court and a conviction is not material; but under §618 (e) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §618 (e), it is provided:

"(e) The secretary is hereby authorized after a hearing before the secretary or his representative . . . to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator."

thereby again pointing out the issue before the court on a de novo hearing was not whether defendant "committed a violation," but whether he was "convicted" in another State of an offense which, if committed in this Commonwealth, would be grounds for suspension, and said:

"But the issue under sub-section (e) of §618 supra, with which we are here concerned, is not whether the operator *committed* an offense but whether he was *convicted.*"

And cited Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 385, 162 A. 2d 251, and further the court said:

"If the legislature had intended the issue to be the same for violations within and without the Common-

wealth, it could have easily made clause 2 of sub-section (b) applicable to out of state violations. Instead, it set forth in a separate sub-section under different language an entirely different test for the suspension of Pennsylvania licensees charged with out of state violations."

These decisions effectively answer all of the issues raised by the defense herein and they sustain the position of the trial judge in dismissing this appeal, and because, in this forum, the law generally has been the same since before Commonwealth v. Halteman, supra, added to the fact that the cases cited supra from Commonwealth v. Halteman on June 16, 1960, to the Hall case on November 16, 1961, were designed specifically and extensively to cover all of the various questions being raised by defendants whose licenses had been revoked or suspended, and were further intended to unify the law in the various jurisdictions of Pennsylvania. It would seem that the law is now clear and explicit so as to indicate that these appeals are still being pressed merely for the purpose of delay.

Therefore, the appeal of Howard E. Petersen, Jr., from the action of the Secretary of Revenue suspending petitioner's operating privileges for a period of six months be and the same is hereby dismissed.