## Long License

*Harry B. Goldberg* of *Goldberg, Evans & Katzman,* for appellant.

*John P. Harrington,* for Secretary of Revenue.

MILLER, J., December 6, 1963.—This is an appeal from a motor vehicle license suspension order of the Secretary of Revenue. . . .

This matter is before us de novo, and we must exercise our independent discretion to determine whether or not a three months' suspension of appellant's motor vehicle operating privileges is warranted by all of the circumstances surrounding his speeding conviction of September 28, 1961: Commonwealth v. Emerick, 373 Pa. 388 (1953); Commonwealth v. Halteman, 192 Pa. Superior Ct. 379 (1960).

We first observe that this appellant, who earns his livelihood with his operating privilege, and who drives 100,000 miles annually, has no accidents in his record,

and had gone 22 months without a violation of any kind at the time he appeared before the court on July 30, 1963, for hearing on this appeal. Secondly, while this appellant is a truck driver, we note that two of the three speeding offenses on his record were committed while he was driving a private automobile, rather than a truck. Next, while his last two offenses occurred less than a month apart in August and September, 1961, he was not suspended for the first of these two offenses until almost nine months after the second offense had been committed. Thus, as we noted in Hymes License, 32 D. & C. 2d 161, the instant offense was committed before, rather than after, appellant had received the punishment and deterrent effect of a suspension of his operating privileges.

Our next observation is that there appear to have been no aggravating circumstances in connection with the instant offense. No reckless or improper driving was indicated, other than travelling 12 miles in excess of the speed limit at the location of the radar device. The officers who intercepted appellant did not clock him with their vehicle, but merely overtook and halted him as soon as they made the radar reading. Weather and road conditions were favorable at this time.

Finally, appellant's suspension for three months would probably result in his financial ruin. His present obligations require him to make monthly payments of approximately $500 on his trucks and residence. He testified that he would undoubtedly lose his trucks, and probably his home, if this suspension were enforced. Appellant impressed us as being a responsible person, and one who does not flagrantly disregard the laws. We realize that economic hardship, standing alone, is not sufficient reason for setting aside a license suspension order: Magida Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 398 (1961); but it is our understanding that economic hardship may be con-

sidered along with all other extenuating circumstances and mitigating factors: Commonwealth v. Emerick, supra.

It is not our prerogative to modify this suspension order; we may only affirm it or set it aside: Commonwealth v. Moogerman, 385 Pa. 256 (1956); Magida, supra. Accordingly, after careful consideration of all the circumstances as heretofore discussed, it is our view that this suspension order must be set aside. See Commonwealth v. Snavely, 76 Dauph. 344 (1961); Commonwealth v. Harnden, 24 D. & C. 2d 314, 76 Dauph. 347 (1961); Fry License, 3 D. & C. 2d 325 (1954).

### Order

And now, December 6, 1963, the appeal of Donald E. Long from the motor vehicle suspension order of the Secretary of Revenue entered June 28, 1963, is hereby sustained, and the Secretary is directed to reinstate appellant's motor vehicle operating privileges forthwith.