## Daugherty License

*Henry E. Sewinsky*, for appellant.
*William D. Kuhn*, for Commonwealth.

STRANAHAN, P. J., April 10, 1970.—This is an appeal from the suspension of the operator's license of Richard D. Daugherty.

A hearing was held which resulted in uncontradicted testimony concerning the background of this case. On September 4, 1969, in the Juvenile Court of Clarion County, Pa., appellant, Richard D. Daugherty, a juvenile, received a hearing as a result of a petition which alleged that he was operating a motor vehicle during suspension. At that time, the juvenile was represented by counsel and had the opportunity to be confronted by the State Police officer, and was allowed to crossexamine the officer in regard to the circumstances that were the basis of the petition.

The judge made a finding that the allegations of the petition were correct and, therefore, he determined that the juvenile was delinquent. His sentence imposed the costs on the juvenile. At the conclusion of the hearing, counsel for Richard D. Daugherty advised him that he had the right to appeal the decision

of the Juvenile Court of Clarion County, but no further action was taken and the costs were paid.

Based on this proceeding and in compliance with 75 PS §618(a)(2), of The Vehicle Code, the Secretary of Revenue further suspended petitioner's license for one year.

From this suspension petitioner has taken an appeal and asks that this court consider de novo the circumstances surrounding the petition filed against appellant which led to the hearing in Clarion County. As the court understands the position of petitioner, it is that he has the right to a de novo hearing, and, further, that 75 PS §618(a)(2) is not applicable because he was not found guilty by a judge of a misdemeanor. It is petitioner's position that he may have been adjudged delinquent at a juvenile hearing, but that is a different matter and does not bring him under the provisions of the statute.

We cannot agree with petitioner's position, since it is apparent that this court cannot hear this matter de novo if the Commonwealth produces records which indicate a conviction of a misdemeanor resulting in the assessment of costs and that petitioner complied with this disposition by paying the costs.

In Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, the court holds that an admission of the payment of a fine and costs is tantamount to an admission of conviction.

While it is true that the records of juvenile hearings cannot be used against a juvenile, in many fields of the law, the fact remains that if juveniles are to operate motor vehicles under our law, then they must be subjected to the penalties of suspension of operating privileges the same as adults.

We hold that when a juvenile is charged with certain facts which constitute the misdemeanor of driving during suspension and, as a result of this charge,

the court makes a determination of delinquency, this is sufficient to bring the juvenile under the terms of 75 PS §618(a)(2), and the secretary may suspend the operating privileges of such juvenile without a hearing.

We further hold that this court has no right to hear de novo the circumstances surrounding the original charge, but must accept the decision of the Clarion County Juvenile Court. If appellant feels that an injustice has been done, then he has the right to request a rehearing of his juvenile case, and to eventually take an appeal. The record in this case indicates that the juvenile was represented by counsel and was aware of his right to appeal at the time the juvenile hearing was held.

We must, therefore, refuse the appeal of Richard D. Daugherty.

### ORDER

And now, April 10, 1970, petitioner's appeal is refused, and it is directed that petitioner shall comply with the orders of the Secretary of Revenue in regard to the suspension of his operator's privileges. It is further ordered that petitioner shall pay the costs in this matter.