## Commonwealth v. Smith.

Argued May 7, 1971, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, June 29, 1971:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Allegheny County reversing the order of the Secretary of Transportation (formerly the Secretary of Revenue) suspending the motor vehicle license of Howard D. Smith for seventy-five days.

Appellee filed a Motion to Quash on the ground that the appeal was not perfected until a date beyond the 30-day appeal period as set down in the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L.      (Act No. 223), 17 P.S. §211.502(a). An examination of the record reveals that the appeal was taken within the thirty-day period, and the Motion to Quash is therefore denied.

On *August 24, 1969,* appellee was apprehended by the Pennsylvania State Police for speeding 77 m.p.h. in a 65 m.p.h. zone in violation of Section 1002(b)(7) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(7). An information was filed against him, and, without appearing before the Magistrate, he paid the fine and costs on *September 15, 1969.* A report of this conviction was sent to the Department of Transportation by the Magistrate, and six points were assigned to appellee's driving record as mandated by Section 619.1(b) of The Vehicle Code, as amended, 75 P.S. §619.1(b). A notice of this six-

point assignment, dated January 16, 1970, was sent to appellee, and he was further directed to attend Driver Improvement School. Appellee attended this school and satisfactorily completed its requirements, and, as specified by Section 619.1(f),[1] one point was credited to his driving record thus reducing his total point accumulation to five points.

On *March 5, 1970,* appellee was apprehended by the Pennsylvania State Police for speeding 84 m.p.h. in a 65 m.p.h. zone again in violation of Section 1002(b)(7) of The Vehicle Code. On March 26, 1970, the Magistrate issued a warrant for the arrest of appellee, and on May 5, 1970, appellee, to avoid being arrested, paid the fine and costs to the State Police. This payment was received by the Magistrate on *May 7, 1970,* the date of conviction. Upon receipt of this conviction, the Secretary, by notice dated July 15, 1970, notified appellee that six points were assigned to his driving record, making his total point accumulation eleven points. Appellee was directed, as mandated by Section 619.1(g),[2] to take a special examination by August 15, 1970. He did so on that date and failed the driving part thereof.

By notice dated September 8, 1970, appellee was notified that a fifteen-day suspension of his operator's license was imposed, based on his second speeding conviction,[3] and that five additional points were added to his driving record as mandated by Section 619.1(g), for failure to pass the special examination, thus making his total point accumulation sixteen points. He was also notified that a sixty-day suspension was imposed pursu-

---

[1] 75 P.S. §619.1(f).

[2] 75 P.S. §619.1(g).

[3] Note that under Section 619.1(b) appellee's first speeding violation exceeded the speed limit by 12 m.p.h. and warranted imposition of six points but no mandatory suspension, while appellee's second speeding violation exceeded the speed limit by 19 m.p.h. and warranted not only six points but a 15-day suspension as well.

ant to Sections 619.1(i) and (k) of the Code, again as mandated by Section 619.1(g), in addition to the fifteen-day suspension, these suspensions to run consecutively, effective September 18, 1970. Appellee appealed these suspensions to the court below which, after a hearing, reversed the Secretary's order. This appeal followed.

Appellee contests his second speeding conviction only. An examination of the record reveals that (despite the hearing judge's statement in court that the merits of the speeding violation could not be dealt with) appellee testified at length as to why he did not deserve the citation, the letters of protest he wrote, and the economic consequences should his license be suspended. Faced with being arrested, appellee paid the fine and costs for the second conviction but wrote on the ticket, "With protest and not guilty". The following quotation from *Virnelson Motor Vehicle Operator License Case*, 212 Pa. Superior Ct. 359, 368, 243 A. 2d 464, 469-470 (1968), is appropriate here: "However, in determining 'whether the petitioner is subject to suspension', the lower court will merely determine whether there has been a compliance with section 619.1. At the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue from the magistrates and courts of record in the proper form, and the secretary's record compiled therefrom which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of section 619.1, the Commonwealth has produced a prima facie case for suspension. If the defendant wishes he may then proceed to show that he was not convicted or that the records or the computation of the secretary are incorrect. He may not go into the facts of his violation or mitigating circumstances thereof because the issue is whether he was convicted and not whether he should have

been convicted. In violations of section 619.1, such as the speeding violation herein, since the secretary has no discretionary power he must proceed in accordance with the mandate of the legislature. The discretion in these cases has been exercised by the legislature. The merit of the suspension is no longer a matter for determination by either the secretary or the courts. *** [T]here was only one conviction at issue and the appellee admits that she paid the fine and costs. This constitutes an admission of conviction and it would be useless to remand the case to determine an admitted fact. Commonwealth v. Halteman, 192 Pa. Super. 379, 162 A. 2d 251 (1960)."

The court below stated in its opinion, "The basis in this Court for sustaining the appeal was the erroneous addition of five (5) points [for failure to pass the special examination] to the driver's record of the defendant." There is no question that appellee failed the special examination. The State Trooper who conducted the examination testfied at the hearing as follows: "On the confined course he pulled into left-hand lane to make a right-hand turn, which is an office [sic] violation. On the serpentine course, you must not use any brakes at any time, and he braked the entire serpentine course. On the on-street course he drove the entire test with one hand and talked constantly and was very inattentive to my instructions." Because appellee was extremely nervous during the examination, this Trooper did, however, recommend that appellee be examined again at a later date. The Department of Transportation evidently took the failure at face value (which under Section 619.1(g) it could do) because no reexamination was offered or given, and appellee was first notified of his failure upon receiving the September 8, 1970, notice of the imposition of five additional points to his record.

The lower court, in addition to the prospect of economic hardship, felt that appellee should have been reexamined and that there had been only an "alleged failure" of the examination. He therefore dismissed the five points as erroneously given. Compounding this error, counsel for the Commonwealth led the court to believe that, had appellee passed the special examination, he would have been credited with one point as is done under Section 619.1(f),[4] so the court simply subtracted an additional point thereby reducing appellee's point total to ten, a sum insufficient to justify the sixty-day suspension. It was wrong, however, to assume that appellee had passed the examination or that he would pass a second examination. It was also wrong to reverse the independently mandatory 15-day suspension which would have remained in any event.

From a careful examination of this case, we have no choice but to conclude: (1) that even if the additional five points were erroneously assigned to appellee's driving record, which they were not, his record would still show an accumulation of eleven points, sufficient to support the suspensions imposed by the Secretary under the provisions of Section 619.1(b), (i),[5] and (k)[6] of The Vehicle Code; (2) that the erroneous five points argument is rendered moot by Section 619.1(m)[7] since after appellee serves the seventy-five day suspension, he shall automatically begin anew with

---

[4] Note that Section 619.1(f) applies "When any person's record for the first time shows as many as six (6) points. . . ." while Section 619.1(g) applies, as here, "When any person's record has been reduced below six (6) points and for the second time shows as many as six (6) points. . . ." In the first section, one point credit is given, while in the second section no credit is given.

[5] 75 P.S. §619.1(i).

[6] 75 P.S. §619.1(k).

[7] 75 P.S. §619.1(m).

five points on his record anyway;[8] and (3) that it is well settled that economic hardship does not constitute sufficient grounds when there has been a speeding violation to reverse the action of the Secretary. *Commonwealth v. Emerick*, 373 Pa. 388, 96 A. 2d 370 (1953).

The order of the Court of Common Pleas of Allegheny County is reversed, and the order of the Secretary of Transportation (formerly the Secretary of Revenue) is reinstated. A reinstated suspension of seventy-five days shall be issued within thirty days.

---

[8] It is interesting to note that the Legislature failed to provide in Section 619.1 for additional special examinations should the offender fail the first one given. Also, Section 619.1(m) mentions restoration of the license without requiring successful completion of the special examination if once failed. The Bureau of Traffic Safety takes the position, however (utilizing the non-Point System Section 608(g) of The Vehicle Code), that before license restoration in such cases there must first be a successful completion of the special examination.