## Commonwealth *v.* Pennington.

Argued September 13, 1972, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Newton C. Taylor*, with him *Taylor & Kurtz*, for appellant.

*Anthony J. Maiorana*, Assistant Attorney General, with him *Stuart A. Liner*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *J. Shane Creamer*, Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 4, 1972:

This is an appeal from an order of the Court of Common Pleas of Huntingdon County dismissing the appeal of Blanch Pennington from an order of the Secretary of Transportation suspending her privilege to operate a motor vehicle.

Appellant, who is now 87 years of age, was required by the Secretary, pursuant to Section 608(g) of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S.

§608(g), to submit to a special examination to determine her competency to operate a motor vehicle. She was examined by a State Police Officer and thereafter received notice that her operating privileges were to be suspended.

Section 618(a)(1) of The Vehicle Code, 75 P.S. §618(a)(1), provides:

"The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative . . . whenever the secretary finds upon sufficient evidence:

"(1) That such person is incompetent to operate a motor vehicle or tractor, or is afflicted with mental or physical infirmities or disabilities rendering it unsafe for such person to operate a motor vehicle or tractor upon the highways."

The appellant and the examining officer testified at the de novo hearing below. The court made, *inter alia*, the following findings:

". . .

"6. That appellant gave incorrect answers to seven of the ten questions asked in the Series 'A' test.

"7. That appellant, during the administering of the driving portion of the examination, indicated a lack of competence to drive in that she

"(a) Would have struck a vehicle which was properly parked along the side of the examination course but for the action of the examining officer in turning the steering wheel of the vehicle;

"(b) Failed to make a complete stop at a Stop Sign;

"(c) Attempted to back vehicle while it was in neutral;

"(d) Put car in reverse gear while motor was running and accelerator was depressed, thus causing the vehicle to suddenly go backwards;

"(e) Was not able to properly park vehicle in a parking stall by backing into it;

"(f) Failed to apply brakes in a situation calling for the stopping of the motor vehicle.

"8. That the examining officer, who was experienced in the administering of drivers' examination, classified the appellant as an incompetent operator. . . ."

Our scope of review in an appeal from a trial court's order in this kind of case is limited. The Superior Court expressed the standard as follows: "It is our duty to examine the testimony to determine whether the findings of the court below are supported by competent evidence, and to correct any conclusions of law erroneously made. [citing case]. The action of the hearing court may not be interfered with upon appeal except for a manifest abuse of discretion or error of law." *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 382, 162 A. 2d 251, 253, 254 (1960). A careful review of the record here reveals sufficient competent evidence to support the trial court's findings.

We agree with Judge TERRIZZI's comment that the appellant failed ". . . to properly operate her vehicle in a number of the simple, fundamental situations of normal driving with which she was faced in the driving portion of the examination. . . ." In view of the circumstances, the court below reasonably determined that the appellant's driving privileges were properly suspended. We have noted the appellant's unblemished driving record and can understand her vexation over this turn of events. While it is of little comfort to appellant, the law demands that each of us must finally yield privileges for the public safety. It may be that upon reapplication, which is her right, the appellant can prove her driving competence.

The claim that the Commonwealth practiced invidious discrimination against appellant because of her age

is without merit. The appellant failed to show that the test administered to her was dissimilar to examinations given to all applicants for Pennsylvania operator's licenses or to other licensees asked to submit to special examination under Section 608(g) of The Vehicle Code.

Affirmed.