### Epps License

*Donald S. Guthrie* and *Lawrence G. Strohm,* for appellant.

*Maurice Levin,* Assistant Attorney General, for Department of Transportation.

BLOOM, J., April 19, 1973.—The matter presently before this court arises from an appeal filed by defendant, Robert D. Epps, from the suspension of his motor vehicle operator's license by the Department of Transportation. On February 2, 1973, this court held a hearing pursuant to defendant's appeal. The basis of defendant's appeal is that the records of defendant's convictions under The Vehicle Code were not duly executed by the district justices involved and thus were contrary to law and insufficient to cause a suspension of defendant's operator's license.

On December 2, 1971, defendant was issued a citation for going through a stop sign in violation of section 1016(b) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1016(b). Defendant paid the fine and costs imposed for this conviction. Thereafter, a report of this conviction was sent to the Department of Transportation by the issuing district justice and five points were assessed against defendant pursuant to section 619.1(b) of The Vehicle Code. This certification of conviction introduced as exhibit C-1 by the Commonwealth at the time of hearing was objected to by defense counsel because it was not signed by the district justice.

On January 3, 1972, defendant was issued a citation for reckless driving in violation of section 1001(1) of The Vehicle Code, 75 PS §1001(1). Defendant was found guilty and he paid the fine and costs imposed. A report of this conviction was sent to the Department of Transportation by the issuing authority and five more points were assessed against defendant's driving record as mandated by section 619.1(b) of The Vehicle Code. This report of conviction was intro-

duced by the Commonwealth as exhibit C-2, and there was no objection by defense counsel.

As a result of the two above convictions and the points assigned, defendant was required to attend a driver improvement school pursuant to section 619.1(f) of The Vehicle Code. Defendant attended such a school and successfully passed the course for which his record was credited with one point. See 75 PS §619.1(f).

On September 8, 1971, defendant was issued a citation for going through a traffic light in violation of section 1028(a) of The Vehicle Code, 75 PS §1028 (a). On July 18, 1972, defendant was convicted of this offense and again he paid the fine and costs imposed. A report of this conviction was sent to the Department of Transportation by the issuing authority and five points were assessed against defendant pursuant to section 619.1(b) of The Vehicle Code. This certification of conviction, exhibit C-3, was objected to by defense counsel because it was not "signed" by the issuing authority. In fact, there are certain initials in the space provided for the issuing authority's signature. Defense counsel's objection was overruled and C-3 was admitted into evidence.

After receipt of the third conviction report, the Department of Transportation suspended defendant's operating privileges for 60 days pursuant to section 619.1(k) of The Vehicle Code.

Before we proceed to review the merits of defendant's appeal, we note that proceedings to suspend motor vehicle operator's licenses are civil and not criminal in nature, and the Commonwealth's burden is to establish a prima facie case that the Secretary of Transportation correctly computed or assessed points against defendant. See Commonwealth v. Hepler, 2 Comm. Ct. 516 (1971); Virnelson Motor Vehi-

cle Operator License Case, 212 Pa. Superior Ct. 359 (1968); Commonwealth v. Halteman, 192 Pa. Superior Ct. 379 (1960).

Defense counsel contends that exhibits C-1 and C-3 are insufficient to establish the convictions of defendant since C-1 was not signed by the issuing authority and C-3 was merely initialed and not "signed" by the issuing justice. We do not agree with defendant's contention.

In the case before us, defendant paid the fine and costs imposed for the violations set forth above. Defendant does not dispute this and, in fact, defendant attended driver improvement school because of the fact that he had accumulated 10 points for violations as set forth in exhibits C-1 and C-2. See brief of defense counsel at page 2. This alone would support the fact that defendant was guilty of the offenses charged. See Virnelson, supra.

In addition, the report of conviction and disposition contained in C-1, C-2 and C-3 indicate that defendant was found guilty and, in fact, paid the fines and costs imposed. We can conceive of no reason why a district justice or magistrate would record the payment of fines and costs if, in fact, they were not paid. By indicating receipt of payment, the issuing authority became liable to remit the amount collected to the proper governmental entity. Thus, we consider this evidence of conviction. See Commonwealth v. Miller, 14 Lebanon 21 (1971). We have before us evidence of guilt and conviction upon which the Secretary of Transportation could assess points against defendant which could and did result in the proper suspension of defendant's operating privileges. See Halteman, supra.

We expressly find no merit in defendant's objection to C-3, since there appears thereon the seal of the issuing magistrate along with certain initials written

in the space provided for the issuing authority's signature. Exactly what constitutes a "signing" has never been reduced to a judicial formula in this Commonwealth: Brennan's Estate, 244 Pa. 574 (1914). Whether a mark of some nature constitutes a signature depends upon all the surrounding circumstances. See Commonwealth v. Colbert, 56 D. & C. 2d 419 (1972). Considering the issuing authority's seal, date of payment of fine and costs and the initials themselves, this court is satisfied that defendant was convicted of the offense charged in C-3 and that the Secretary of Transportation properly assigned points against defendant which resulted in the suspension of his license.

Therefore, we enter the following

### ORDER

And now, to wit, April 19, 1973, upon consideration of argument and briefs submitted by respective counsel before this court, it is hereby ordered and decreed that:

1. The appeal of the above-named defendant from the suspension of his operating privileges by and the same is hereby dismissed.

2. The suspension of the operating privileges of the above-named defendant be and the same is hereby sustained and affirmed.