**Commonwealth v. Ford**

*Rick Mattern, 3rd,* Assistant Attorney General, for Commonwealth.

*Paul J. Quattrone,* for appellant.

GREINER, P. J., November 27, 1973.—Petitioner has appealed from a 60-day suspension of his motor vehicle operating privileges imposed by the Secretary of Transportation pursuant to the mandates of section 619.1 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §619.1, commonly referred to as the "Point System." He alleges that he paid a fine and costs for the violation of section 1012 of The Vehicle Code only because he was assured by the Chief of Police of the Borough of Johnsonburg, Pa., that no points would be charged against him and further that the justice of the peace, Daniel T. Brahaney, before whom the charge was filed, would recommend to the Secretary of Transportation that no points be assessed against petitioner on account of the alleged violation of section 1012. Contrary to these representations, the secretary assessed three additional points against petitioner on account of said violation of section 1012 and imposed the 60-day suspension because of an accumulation of a total of 11 points. He also alleges that he had a good defense and that he did not violate section 1012 and that but for said representations he would have entered a timely defense.

Although the court is sympathetic with petitioner's position and in no way challenges the circumstances under which he alleges he paid the fine and costs resulting in the imposition of an additional three points,

we are compelled to adhere to the mandates of Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359. We quote therefrom at page 368:

"Since the legislature did not except suspensions under section 619.1 from the appeal provisions of section 620, the licensee may still appeal to the lower court from the action of the secretary suspending his operator's license. However, in determining 'whether the petitioner is subject to suspension,' the lower court will merely determine whether there has been a compliance with section 619.1. At the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue from the magistrates and courts of record in proper form, and the Secretary's record compiled therefrom which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of section 619.1, the Commonwealth has produced a prima facie case for suspension. If the defendant wishes he may then proceed to show that he was not convicted or that the records or the computation of the secretary are incorrect. He may not go into the facts of his violation or mitigating circumstances thereof because the issue is whether he was convicted and not whether he should have been convicted. In violations of section 619.1, such as the speeding violation herein, since the secretary has no discretionary power he must proceed in accordance with the mandate of the legislature. The discretion in these cases has been exercised by the legislature. The merit of the suspension is no longer a matter for determination by either the secretary or the courts.

"Although in this case the Commonwealth did not proceed in the manner we have suggested, there was only one conviction at issue and the appellee admits

that she paid the fine and costs. This constitutes an admission of conviction and it would be useless to remand the case to determine an admitted fact. Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960)."

The court ruled at the hearing, and now reaffirms same, that the Commonwealth did properly put into evidence the records of convictions received by the Department of Revenue (now Department of Transportation) properly certified as required by law and pursuant to section 1224 of The Vehicle Code which proved the secretary had properly filed the record of convictions and resulting 11 points mandating the suspension.

We cannot quarrel with the authorities cited in petitioner's trial brief which relies heavily upon Commonwealth v. Fisher, 6 Comm. Ct. 159. As Judge Kramer did in his opinion we also emphasize that "This is *not* what is commonly referred to as a 'point system' case." We must, therefore, distinguish it from the instant case as we find it inapposite. The other authorities cited generally support and extend the holding of Virnelson, supra, or are otherwise distinguishable on their facts. (Italics supplied.)

We are, therefore, compelled to make the following

## ORDER

Now, November 27, 1973, petitioner's appeal is denied and dismissed and the suspension order of the Secretary of Transportation of the Commonwealth of Pennsylvania is reinstated to be effective at such reasonable time in the future as written notice to the petitioner he shall direct. Pending such written notice the supersedeas order of this court of August 29, 1973, shall remain in full force and effect.