## Thomas Appeal

*Jerome D. Lombardi*, for appellant.
*John J. Kennedy*, for Commonwealth.

HOUSE, P. J., June 11, 1975.—On July 14, 1973, petitioner, Roberta G. Thomas, was driving her automobile on Interstate Route 80 in Union County. A Pennsylvania State Police patrolman, through the use of radar, clocked and stopped petitioner for traveling at a rate of speed of 88 miles per hour in a 65 miles-per-hour speed zone. A citation was issued to her. Petitioner, through the mails, pleaded guilty to a viola-

tion of section 1002(b)(8) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §1002, on July 25, 1973. On May 24, 1974, petitioner's operating privileges were suspended for a period of three months by the Secretary of the Department of Transportation. She appeals the suspension by petitioning this court.

The Secretary of the Department of Transportation may suspend the operating license of any person who violates section 1002(b)(8) of The Vehicle Code. See section 618(b)(2). The person whose operating license has been suspended, however, has the right to appeal the suspension by filing a petition for a hearing in the court of common pleas of the county in which he or she resides: Section 620 of The Vehicle Code. The hearing is a hearing de novo and it resembles that followed on appeal from a judgment obtained before a justice of the peace or magistrate: Commonwealth v. Cronin, 336 Pa. 469, 9 A. 2d 408 (1939).

Petitioner sets forth three reasons why it was error for the secretary to suspend her operating privileges. First, the petitioner argues that the suspension was unlawful because the citation issued to petitioner failed to state that the speed indicated was timed by radar, such bit of information being necessary to apprise petitioner of the defenses available to her.

We will not consider this first argument on its merits. She complains now of a possible procedural error which occurred in a quasi-criminal proceeding in which she pleaded guilty and paid the fine and costs. The present appeal is from the decision of the secretary to suspend an operator's license and is civil in nature: Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960).

A procedural error which occurred during the course of a criminal or quasi-criminal proceeding

may not now be advanced as a reason why the decision of the secretary should be reversed. See Commonwealth v. Gourley, 88 Dauph. 41 (1967).

Petitioner next argues that the testimony of the State policeman concerning the timing of petitioner's automobile through the use of radar is not permitted on Pennsylvania's interstate highways. Petitioner relies on section 1002(d.1)(1) of The Vehicle Code which reads, in part:

"The rate of speed of any vehicle may be timed on any *State* highway, including the Pennsylvania Turnpike System, by officers of the Pennsylvania State Police through the use of radiomicrowaves, commonly referred to as electronic speed meters or radar." (Emphasis supplied.)

According to petitioner, an interstate highway does not fall within the category "State highway" as used in the above-quoted section.

We cannot agree. Pennsylvania Interstate Route 80 is a State highway within the meaning of the statute. Route 80, as well as all other interstate highways situated in Pennsylvania, are maintained by the Commonwealth and they have numerous connections with other highways in the State network of highways. We cannot understand how an interstate route would not fall within the category of "State highway" merely because most of the funds allotted for its original construction were furnished by the Federal government.

Lastly, and most importantly, petitioner contends that the suspension of her driving privileges should be reversed because the evidence introduced at her hearing de novo did not establish that she was traveling at a speed of 88 miles per hour in a 65-miles-per-hour zone. According to petitioner's testimony, which we find to be entirely credible, just as she drove her

automobile into the radar zone set up by the State trooper, a large tractor trailer approached her from the rear at a speed much greater than hers. According to petitioner, the tractor trailer came within a very short distance of her car's rear bumper.

On cross-examination, the State trooper who manned the radar unit and issued the citation testified that if two vehicles are in a radar zone, the radar device normally will focus on and determine the speed of the leading vehicle. However, the policeman further testified that if the trailing vehicle is of a significantly larger physical size, the radar device will focus upon the larger vehicle and determine its speed rather than indicate the speed of the smaller leading vehicle.

We believe, and so find, that the radar unit in the instant case gave an indication of the speed of the following truck rather than an indication of the speed of petitioner's automobile, and we further find that the citation and conviction of petitioner and the license suspension action of the secretary were all based upon this false indication of petitioner's speed.

In her testimony, petitioner admitted that she was driving at a speed of 70 miles per hour when the tractor trailer approached her rapidly from the rear. This is still a violation of The Vehicle Code and the Secretary of the Department of Transportation may suspend operating privileges for any violation of the code, with a certain limited number of exceptions. Petitioner's violation is not such an exception.

The suspension of petitioner's driving privileges by the secretary was founded upon the secretary's belief that petitioner had exceeded the maximum legal speed limit by a rate of 23 miles per hour. We specifically have found that petitioner exceeded the speed limit by a rate of only five miles per hour. This court believes that the secretary would not impose a

three-month suspension for the violation found to have been committed by petitioner. A court of common pleas does not have the authority to modify the order of the secretary directing suspension: Commonwealth v. Moogerman, 385 Pa. 256, 122 A. 2d 804 (1956).

Therefore, we cannot reduce the suspension period to one more suitable for the violation committed, if, indeed, a suspension is even mandated by such a minimal infraction. It appears that only the secretary has the authority to do so. It would seem appropriate then that the matter be remanded to the secretary for the purpose of reconsideration of his action in light of this opinion.

## ORDER

And now, June 11, 1975, after hearing and argument, and after due consideration by this court, it is ordered and decreed that the order of the secretary be and is hereby reversed; and it is further ordered and directed that the matter be, and is hereby, remanded to the Secretary of the Department of Transportation of the Commonwealth of Pennsylvania for further action not inconsistent with the foregoing findings and opinion.