Opinion by
Jacobs, J.,
The appellee was charged with driving his automobile on February 11, 1967 at a speed of 71 miles per hour when the speed limit was 55 miles per hour. He was charged with a violation of section 1002(b) (6) of The Vehicle Code and paid the fine and costs to the justice of the peace. Since the appellee exceeded the speed limit by 16 miles per hour the Secretary of Revenue suspended his operator’s license for a period of 15 days under section 619.1(b) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §619.1 (b). Upon appeal the court below heard the case de novo and reversed the Secretary of Revenue. The court below reversed the secretary on two grounds, lack of authority in 619.1(b) to suspend, and hardship.
The hardship was based on the fact that the appellee operated a taxi service and did not have a substitute driver. This was not a valid ground for reversal. *374 In Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968), we held that a driver whose operator’s license is suspended under section 619.1 of The Vehicle Code has a right of appeal to the court of common pleas, but that the appeal is limited to determining whether the driver was convicted and whether the secretary properly computed points and applied the mandatory provisions of section 619.1.[1] Hardship or other extenuating circumstances have no relevancy in determining those issues on appeal. The appellee has paid the fine and costs and thereby admitted his conviction. Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960). The court below must be reversed unless the secretary did not properly follow the mandate of section 619.1.
Section 619.1(b) catalogues the points to be assigned for various violations. It provides parenthetically, in addition to assignment of points, for a penalty of 15, 30 or 60 days suspension when the violation is exceeding the speed limit by 16, 21 or 30 miles per hour respectively. The lower court concluded that section 619.1(b) did not establish separate authority for suspension. It ruled that a license could be suspended only under section 619.1 (i), when 11 points had been accumulated. If we follow the lower court’s reasoning, then the statutory language in 619.1(b) specifying assignment of points “and 15 [or 30 or 60] days suspension” is without meaning. YTe should not allow this result if we can avoid it, for section 51 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P.S. §551, requires that “Every law shall be construed, if possible, to give effect to all its provisions” and the legislature cannot be deemed to intend *375 that language used in a statute shall be superfluous and without import. Commonwealth v. Mack Bros. Motor Car Co., 359 Pa. 636, 59 A. 2d 923 (1948); Daly v. Hemphill, 411 Pa. 263, 191 A. 2d 835 (1963). In construing a statute no word is to be left meaningless unless no other construction is possible. Charch v. Pennsylvania P.U.C., 183 Pa. Superior Ct. 371, 132 A. 2d 894 (1957).
With these rules of construction in mind it is plain to us that the legislature intended to give suspensions in addition to points in the three excessive speeding situations listed under section 619.1(b). The lower court was influenced by the fact that the introductory paragraph in subsection (b) makes no reference to the suspensions directed later in the subsection. We know of no rule of construction which permits such fact to overcome the clear language of the statute. Furthermore, section 619.1 (k) clearly shows that the legislature intended the suspension provision in (b) to be operative. Section 619.1 (k) provides that “Whenever an operator’s license or learner’s permit is suspended pursuant to the provisions of this section, unless otherwise provided, the first such suspension shall be for a period of sixty (60) days. . . .” (Emphasis added.) Since the only suspensions “otherwise provided” in section 619.1 are those of subsection (b), the legislature obviously thought it had created in subsection (b) the power to suspend. In our opinion the clear and unambiguous language of section 619.1 directs suspensions in the three instances of excessive speeding under subsection (b) in addition to any suspension imposed under subsection (i) for the accumulation of eleven or more points.
The order of the court below is reversed and the order of the Secretary of Revenue is reinstated.

 Virnelson is a companion case to this one and the reader is referred to that opinion for complete quotation of relevant sections of The Vehicle Code.