Opinion bx
Jacobs, J.,
This appellee was charged with driving his automobile on November 6, 1966 at a speed of 82 miles per hour on the Pennsylvania Turnpike where the speed limit was 65 miles per hour. He was charged with a violation of section 1002(b)(7) of The Vehicle Code, Act of April 29, 1959, 75 P.S. §1002(b) (7), and paid the fine and costs to the justice of the peace. His speed having exceeded the speed limit by 17 miles per hour the Secretary of Revenue assigned six points to his record and suspended his operator’s license for 15 days under section 619.1(b) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §619.1. Upon appeal the lower court heard the case de novo and reversed the Secretary of Revenue. The court below based its reversal on its opinion that the appellee had suffered sufficient punishment when he paid the fine and costs and attended driver improvement school and that the appellee who was a physician and his patients would suffer hardship if his license were suspended.
This case is controlled by our decision in Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968). In Virnelson we held that a driver whose operator’s license is suspended under section 619.1 of The Vehicle Code has a right of appeal to the court of common pleas, but that the appeal is limited to determining whether the driver was convicted and whether the secretary properly computed points and applied the mandatory provisions of section 619.1.
In this case only one violation was involved and appellee paid the fine and costs for that violation. Such action constitutes an admission of conviction and it *378 would be useless to remand tbe case to determine an admitted fact. Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960).
In our opinion tbe court below had no power to reverse the suspension on tbe basis that tbe appellee bad been sufficiently punished and that appellee and bis patients would suffer hardship. This constituted an abuse of discretion. Tbe order of tbe lower court is reversed and the order of tbe Secretary of Revenue is reinstated.