## Preston Motor Vehicle Operator License Case.

Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellant.

*Eugene C. Preston,* appellee, in propria persona.

OPINION BY JACOBS, J., June 11, 1970:

The Secretary of Revenue suspended appellee's operator's license for a period of sixty days for an accumulation of points under section 619.1 of The Vehicle Code. 75 P.S. §619.1. The court below reversed the action of the secretary and the Commonwealth appeals.

Under section 619.1 the secretary maintains a record of convictions of each driver. When any driver's record shows an accumulation of eleven (11) points or more the secretary is directed by the statute to suspend that driver's license for a period of 60 days. In *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968), we held that suspensions under section 619.1 were mandated to the secretary upon receipt of the required convictions and that upon appeal the common pleas courts will merely determine if the secretary has complied with section 619.1.

Appellee did not question the fact that the secretary received the records of conviction and properly com-

puted the points. He claimed, however, that the last conviction for which he received sufficient additional points to mandate suspension was not a conviction. The lower court agreed.

The offense in question was driving through a stop sign in Washington County, Pennsylvania. Appellee received a ticket from a state policeman and later received a notice from a Washington County justice of the peace. He was notified to either appear for a hearing or plead guilty by returning the notice with the fine and costs. Appellee, who resided in Montgomery County, paid the fine and costs and sent along a letter. In the letter he alleged his innocence of the charge and said that it was cheaper for him to pay the fine and costs than attend a Washington County hearing. The justice of the peace filed a conviction report of this violation with the Secretary of Revenue.

In cases construing that section of The Vehicle Code authorizing the secretary to suspend the operator's license of a person "upon receiving notice of the conviction of such person in another state" we held that payment of the fine and costs in the other state was an admission of conviction. *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960); *Stout Motor Vehicle Operator License Case,* 199 Pa. Superior Ct. 182, 184 A. 2d 108 (1962). The operator in the *Stout* case paid the fine and costs rather than go to the trouble and expense of a hearing as did the operator whose case we are now considering. Judge ERVIN said in that case, "The payment of the fine and costs amounted to a waiver of a hearing and a plea of guilty."

Payment of fine and costs in motor vehicle violation cases has recently been held by us to constitute an admission of conviction requiring the secretary to assign points under section 619.1 of The Vehicle Code. *Virnelson Motor Vehicle Operator License Case,* supra;

*Baumer Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 372, 243 A. 2d 472 (1968) ; and *Wall Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 376, 243 A. 2d 475 (1968).

The court below held that no conviction existed because the appellee expressly denied his guilt. His action, however, was contrary to his assertion of innocence. He was notified to either appear for a hearing or plead guilty by paying the fine and costs. He paid the fine and costs and did not ask for a hearing. He accepted the penalty which could only be imposed upon him if he pled guilty. In our opinion, this was an admission of conviction.

The order of the lower court is reversed and the order of the Secretary of Revenue is reinstated.