## Wilson License

*William H. R. Casey*, for appellant.

*R. Barry McAndrews*, for Commonwealth.

GARB, J., November 19, 1970.—This is an appeal from the imposition by the Secretary of Revenue of a 60-day suspension of appellant's operator's privi-

leges. A hearing having been held, we make the following

### FINDINGS OF FACT

1. Appellant's address is Box 313, Pineville, Bucks County, Pa., and for many years prior to February 20, 1970, she had been a licensed operator of motor vehicles in this Commonwealth.

2. On February 20, 1970, at approximately 7:08 a.m., appellant was operating a motor vehicle and at that time did proceed through the intersection of War Admiral Lane and Rampart East, Middletown Township, Delaware County, Pa., without coming to a full stop pursuant to the direction of an official stop sign, in violation of the Act of April 29, 1959, P. L. 58, sec. 1016, 75 PS §1016 (b).

3. On or about February 20, 1970, at approximately 7:12 a.m., appellant was operating a motor vehicle, and at that time did proceed through the intersection of U. S. Route 1 and War Admiral Lane, Middletown Township, Delaware County, Pa., without coming to a full stop pursuant to the direction of an official stop sign, in violation of the Act of April 29, 1959, P. L. 58, sec. 1016, 75 PS §1016 (b).

4. As a result of the two foregoing motor vehicle violations, two separate summons were issued to appellant herein and on March 2, 1970, she did enter a plea of guilty to each before the magistrate and paid the requisite fine and costs.

5. As a result of the foregoing convictions, appellant was assigned five points for each, which gave her a point total of 15 points, she having five points accumulated prior to these two convictions. The foregoing points were assigned pursuant to the provisions of the Act of January 24, 1966, P. L. (1965) 1497, sec. 2, 75 PS §619.1 (b).

6. As the result of the foregoing accumulation of 15 points, the within suspension was levied by the secretary.

## DISCUSSION

It is clear that on an appeal from a mandatory suspension under the so-called point system, to wit, under section 619.1 of The Vehicle Code, the scope of review is not de novo, but only to determine whether the requirements of that section have been met, that is, whether there has been a conviction of a violation of The Vehicle Code and whether the points assigned have been properly done so: Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359 (1968). The court on appeal may consider only whether there has been a conviction and whether section 619.1 of The Vehicle Code has been properly applied. The court may not consider the merits of the suspension: Romm Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 369 (1968). We may not consider hardship: Baumer Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 372 (1968); Wall Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 376 (1968).

Appellant does not contest the foregoing law. Appellant's position is predicated upon the provisions of subsection (c) of section 619.1 of The Vehicle Code which reads as follows:

"In case of conviction of any person for two (2) or more of the offenses enumerated in subsection (b) of this section committed on a single occasion, points may be assessed against such person only for the offense highest in points."

Based upon this provision, appellant contends that the provisions of section 619.1 have not been properly applied, in that she contends that she should only have received the imposition of five points for one of the stop sign violations but not five points for each of the

two of them. It is her contention that her two stop sign violations should be considered to be two offenses committed on a single occasion.

We have been able to find no cases construing this particular section of The Vehicle Code. However, although ingenuous, we find this contention totally lacking in logic as applied to the factual situation now before us. Although both violations occurred within four minutes of one another and within approximately three-tenths of one mile in distance from one another, they clearly constituted two separate and distinct violations of The Vehicle Code. They were not committed on the same occasion regardless of whether that word means time or place. We would construe this section to mean that where one particular act or series of acts of a motor vehicle operator constituted more than one violation of The Vehicle Code, then the act would apply to permit only the imposition of points for the violation demanding the highest number. However, these violations occurred as the result of distinctly different acts on the part of appellant at two different times, at two different places, each time failing to heed a different stop sign and each time independently violating the same section of The Vehicle Code.

Therefore, although we admire appellant's or her counsel's ingenuity, we reject her contention and find that the points were properly and appropriately assigned and that, therefore, the suspension legally followed therefrom. Accordingly, we enter the following

## ORDER

And now, to wit, this November 19, 1970, the within license appeal is hereby denied, dismissed and overruled and the suspension imposed by the Secretary of Revenue hereby reinstated.