## Hunsicker License

*James N. Diefenderfer,* for Commonwealth.
*Howard N. Stark,* for defendant.

SCHEIRER, J., October 12, 1971.—Petitioner, James Edgar Hunsicker, has appealed from a suspension of his operator's license for a period of 90

days. Following hearing, counsel were invited to file memoranda of law in view of the nature of petitioner's contention, i.e., that no convictions resulted because his father, without authorization, paid the fines and costs to a justice of the peace.

The Commonwealth presented certified copies of the records of the Secretary of Transportation which reveal that 15 points were assessed against petitioner. The duties of the secretary were summarized in Preston Motor Vehicle Operator License Case, 216 Pa. Superior Ct. 415, 268 A.2d 134:

"Under section 619.1 the secretary maintains a record of convictions of each driver. When any driver's record shows an accumulation of eleven (11) points or more the secretary is directed by the statute to suspend that driver's license for a period of 60 days. In Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 243 A.2d 464 (1968), we held that suspensions under section 619.1 were mandated to the secretary upon receipt of the required convictions and that upon appeal the common pleas courts will merely determine if the secretary has complied with section 619.1."

Three convictions appear on petitioner's record, reckless driving (1001(1)), stop sign (1016(b)), and traffic signal (1028(a)). Also, he failed to attend school and take a reexamination as directed.

He acknowledges that he personally paid the fine and costs on the reckless driving charge on June 17, 1969. His father allegedly paid the fines and costs on the other charges on May 12, 1970. Petitioner acknowledged having notice to appear for hearing or to plead guilty by payment of fine and costs. He testified that he did not advise the justice of the peace of a desire for hearings, nor did he complain to him of the payment of the fines and costs by his father. The

father testified that he did not tell his 24-year-old son that he intended to pay them, nor did the son authorize him to do so. Also, he did not advise him after the payment. One must at least conjecture what this adult son thought would happen if he neither appeared before the justice of the peace for hearing, nor paid the fines and costs. His apparent naivete clashes with our total cynicism. This operator's disregard of the notice to attend driver's school and to submit to a re-examination labels him as being either unbelievably casual or amazingly negligent about his personal affairs. It would be difficult to outline a set of facts where one person would pay a fine and costs for another person without authority, real or implied. Even fraud in this area is difficult to comprehend. Why would anyone pay a fine and costs for another for an improper reason?

The question here is, did the justice of the peace properly note a conviction in these cases; for if he did, the secretary performed his duty in basing the suspension on the convictions appearing on the records submitted to him.

We have found no cases involving the precise question presented. Preston, supra, comes very close, however. There, too, the question was, was there a conviction? Preston was notified to either appear for a hearing (for a stop sign violation) or plead guilty by returning the notice with the fine and costs. He sent in the fine and costs and said, in an accompanying letter, that he was innocent but it was cheaper to pay than to attend the hearing. The lower court agreed that no conviction existed because guilt was denied. Judge Jacobs reversed and held that the payment of fine and costs was an admission of conviction. He wrote:

"In cases construing that section of The Vehicle

Code authorizing the secretary to suspend the operator's license of a person 'upon receiving notice of the conviction of such person in another state' we held that payment of the fine and costs in the other state was an admission of conviction. Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 162 A.2d 251 (1960); Stout Motor Vehicle Operator License Case, 199 Pa. Superior Ct. 182, 184 A.2d 108 (1962). The operator in the Stout case paid the fine and costs rather than go to the trouble and expense of a hearing as did the operator whose case we are now considering. Judge Ervin said in that case, 'The payment of the fine and costs amounted to a waiver of a hearing and a plea of guilty.'

"Payment of fine and costs in motor vehicle violation cases has recently been held by us to constitute an admission of conviction requiring the secretary to assign points under section 619.1 of The Vehicle Code. Virnelson Motor Vehicle Operator License Case, supra; Baumer Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 372, 243 A. 2d 472 (1968); and Wall Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 376, 243 A. 2d 475 (1968)."

Also see Commonwealth v. Wilson, 218 Pa. Superior Ct. 737, 280 A. 2d 820, Footnote 1.

In Appeal of John Lucas, Jr., 31 Fayette 175, the court, in commenting on the duties imposed on the secretary as outlined in Virnelson, supra, said:

"It would also appear under the rationale of the Virnelson case that a plea of guilty or nolo contendere, or payment of fine and costs for a motor vehicle infraction at the magistrate's level is conclusive upon the Secretary of Revenue and the Court of Common Pleas in subsequent suspension proceedings, and that operators who enter such pleas or pay the fine and costs 'as a matter of convenience' do so only at their peril."

We find that the payment of fines and costs in the two motor vehicle code violations with which we are here concerned constituted pleas of guilty and resulted in convictions upon which the Secretary of Transportation was bound to exercise the statutory authority imposed upon him. There was no administrative error, since the secretary assessed appropriate points upon convictions of the petitioner.

We do not say that a "conviction" cannot be attacked if indeed there was none, but the evidence presented not only does not impress us as being credible but allowing such an approach or one similar to it to upset a "conviction" would open the floodgates to fraudulent claims and put justices of the peace to a heavy burden to investigate payments of fines and costs to determine authorization and true intent. This would be intolerable.

### ORDER

Now, October 12, 1971, the appeal of James Edgar Hunsicker from suspension of his operator's license is dismissed.