## McKeown License

*Maurice Levin,* Assistant Attorney General, for Commonwealth.

*William Butler,* for petitioner.

PITT, J., March 27, 1972.—On November 9, 1966, petitioner was convicted of a violation of section 1002(b)(4) of The Vehicle Code (hereinafter code) 75 PS §1002, for an offense that took place October 13, 1966. Under section 619.1(b) of the code, petitioner was assigned six points and a mandatory 30-day suspension (21-29 m.p.h. over legal speed limit). The suspension became effective June 8, 1967, from which an appeal was taken and a supersedeas granted. That appeal was decided against petitioner on July 28, 1969, at which point the suspension was reinstated. Petitioner served the suspension and his license was "restored" November 18, 1969. Under section 619.1(m), upon restoration of driving privileges, petitioner's record showed five points. Petitioner was next convicted of a violation of section 1002(b)(7) of the code on October 10, 1970, less than one year from the date of restoration. Under section 619.1(b), six points were assigned to that violation. This brought the point accumulation to 11 points. Under sections 619.1(i) and (k), the secretary is *mandated* to impose a 60-day suspension in the first instance, which was done November 1, 1971. From this last suspension comes this appeal.

While petitioner has the right to appeal such suspension, the scope of review on that appeal is limited to determining whether the driver had been convicted and whether the secretary properly computed the points against him and applied mandatory provisions of the code: Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 243 A.2d

464 (1968); Wall Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 376, 243 A.2d 475 (1968). Accordingly, our decision must turn on whether or not the secretary properly computed the point record of petitioner. Two sections of the code are involved in this case: sections 619.1(j) and 619.1(m). Section 619.1(j) provides *"Except as provided in subsection (m) of this section,* points recorded against any person shall be removed from the date of last conviction at the rate of two (2) for each year in which such person is not convicted of any violation of the laws of the Commonwealth relating to vehicles or tractors." (Italics supplied.)

Section 619.1(m) provides:

"Upon the restoration of driving privileges of any person whose operator's license or learner's permit has been suspended pursuant to this act, such person's record shall show five (5) points and from the date of restoration such points shall be removed from his record at the rate of two (2) each year, as provided in subsection (j)."

Petitioner does not argue that the assessment of points for violation was in error, but that the secretary failed to give him proper credits. Petitioner's record showed a conviction in November of 1966 and the next conviction occurred in October of 1970, thereby showing three full years where there were no violations. On this basis, petitioner claims that the secretary should have credited six points to his record, reducing it to zero, rather than five points on the restoration on October 10, 1970. However, such a result would be contrary to section 619.1(m), previously quoted, to the effect that on the restoration of driving privileges, the operator's record shall show five points. We believe that section (m) must supersede section (j): Commonwealth v. Yodock, 42 Northumb. L. J. 91

(1970). This court finds then, after a review of the record, that the secretary was justified in his action in suspending the operating privileges of petitioner. Thus, we make the following

### ORDER

And now, to wit, March 27, 1972, the appeal is dismissed, and the action of the secretary in suspending the operating privileges of Peter R. McKeown for a period of 60 days is affirmed and said suspension is reinstated.