## Commonwealth v. Sunderland

*Norman L. Levin*, for appellant.

*Horace J. Culbertson*, for Commonwealth.

ZIEGLER, P. J., October 27, 1972.—This matter comes before the court on appeal from a one year suspension of appellant's motor vehicle operating privileges by the Secretary of the Department of Transportation of the Commonwealth of Pennsylvania.

Appellant's operating privileges were suspended pursuant to section 618 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §618 (herein called "code"), the relevant portions of which provide as follows:

"(a) The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person

pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, or whenever the secretary finds upon sufficient evidence;

"(2) That such person has been convicted of a misdemeanor, or has forfeited bail upon such a charge, in the commission of which a motor vehicle or tractor was used."

Appellant appealed from such suspension pursuant to section 620 of the code, the relevant portions of which provide as follows:

"Any person whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator . . . resides, . . . Such courts are hereby vested with jurisdiction, and it shall be their duty, to set the matter down for hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license privilege . . . under the provisions of this act."

After offering opportunity for a hearing de novo, we make the following

## FINDINGS OF FACT

1. Appellant is Ralph W. Sunderland who resides at Newton Hamilton, Pa., and is 30 years of age.

2. On June 17, 1971, appellant was employed as an assistant manager of gas plant by Philip Wolf & Son at Lewistown, Pa.

3. On said date, appellant was apprehended by Trooper Edward E. Smith, a Pennsylvania State Policeman, while operating his employer's truck in Blair County, Pa., in the course of his employment.

4. Pursuant to such apprehension, Trooper Smith charged appellant before Justice of the Peace Roy D. Hopkins with operating said truck upon a public highway in violation of regulations adopted pursuant to the Hazardous Substances Transportation Act, approved November 9, 1965, P. L. 657, 75 PS §2401 (herein called "said act"), in that he allegedly operated said truck carrying compressed flammable gas, acetylene, when he did not have in his possession a certificate of physical examination pursuant to paragraph H of Regulation No. VI issued January 3, 1968, effective February 23, 1968.

5. Appellant then had no knowledge that said regulation had been issued nor that same required him to have such a certificate.

6. Appellant did not violate the regulation knowingly or willfully.

7. Two or three weeks prior to such apprehension, inquiry was made of appellant by another State Policeman during routine traffic check whether or not he had such medical certificate and was then advised by the officer that he would advise whether or not appellant was required to have such medical certificate, since the officer was uncertain of the regulations.

8. Appellant reported last-mentioned incident to Bernard Wolf, president of his employer, but neither he, his employer nor said Wolf received communication from the police prior to such apprehension.

9. Said Wolf had been engaged in industrial gas business for 26 years but had never heard of the act nor of the regulation.

10. Pursuant to information furnished by Trooper Smith at time of such apprehension, appellant procured a medical certificate which remains in effect.

11. Appellant entered a plea on September 14, 1971, in Blair County and was sentenced to pay fine of $100 without being represented by counsel, without being advised of his right to counsel, without understanding the nature of the charge, nor was he aware that he was charged with a misdemeanor or that pleading guilty thereto would result in the suspension of his operating privileges.

12. Without affording a departmental hearing, the Secretary of the Department of Transportation suspended appellant's operating privileges for period of one year effective January 19, 1972, pursuant to section 618(a)(2) of said code: 75 PS §618.2.

13. Appellant had been driving approximately 25,000 miles per year since he acquired operating privileges in 1961 or 1962 and during said time had one moving violation under said code.

14. Hearing having first been scheduled for February 10, 1972, was continued to February 22, 1972, when the record was made.

15. Counsel for the Commonwealth, having been of the erroneous impression that hearing was not de novo, appeared without witnesses.

16. With acquiescence of opposing counsel and leave of court, counsel for the Commonwealth reserved, at hearing, the right to offer testimony at a subsequent time but did on February 28, 1972, advise the court that he proposed to offer no testimony.

17. Since appellant requires his license to perform his work and maintain his job, suspension would result in hardship to him.

18. Said justice of the peace had not been familiar with the act.

## DISCUSSION

Decisions on appeals from the secretary have been diffused by failure to categorize them. For present purposes, we shall categorize them under five groupings.

*Group 1:* Revocation by the secretary under section 616 of the code of operating privilege for conviction of licensee of operating a motor vehicle while under the influence of intoxicating liquor or of other offenses therein enumerated. (Although "conviction" lacks comprehensive meaning, it lends brevity to expression.) Prior to the adoption on April 23, 1968, of the Commonwealth's Constitution, it was well settled that such revocation was mandatory and nonappealable: Brennan's Case, 344 Pa. 209, 25 A. 2d 155 (1942); Ullman Motor Vehicle Operator License Case, 204 Pa. Superior Ct. 145, 203 A. 2d 386 (1964). However, Article V, §9, of said Constitution, provides:

"There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law."

By virtue thereof, the Commonwealth held in Department of Transportation v. Hosek, Jr., 3 Comm. Ct. 580, 284 A. 2d 524 (1971), that there now is a right of appeal from such revocation to the same court as provided by section 620 of the code. The scope of review on such appeal has not yet been charted.

*Group 2:* Suspension under former section 615(e), now modified and designated "618(3)" of the code, of operating privilege of a resident upon receiving notice of the conviction of such person in another State of an offense therein which, if committed in this Com-

monwealth, would be grounds for the suspension or revocation of the license of an operator.

In Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960), our Superior Court distinguished quality of proof required under former section 615(e) of the code, now 618(e), and former section 615(b), now 618(b). The former authorized the secretary to suspend *"upon receiving notice of the conviction* of such person in another state." The latter, with respect to acts or states of affairs within the Commonwealth, authorized suspension when the secretary *"finds upon sufficient evidence."* In a proceeding under the former, the Commonwealth makes out a prima facie case by putting into evidence the notice of conviction. In a proceeding under the latter, the secretary, and the court, on appeal, must "find upon sufficient evidence" that the licensee committed a violation or that a certain state of affairs existed within the Commonwealth.

*Group 3:* Suspension of resident operators under point system established by section 619.1 of the code. Section 619.1 was added to the code on January 24, 1966, and provided that the secretary should maintain a record of convictions of every person licensed under the provisions of section 601 of the code, that he should enter therein records of all convictions of any such person of any violation of the motor vehicle laws of this Commonwealth and that he should assign to the record of such person, as of the date of conviction of the offense, a number of points for each such conviction in accordance with schedule of offenses and points therein set forth. Paragraph (i) thereof provided for mandatory suspension by the secretary upon the accumulation of 11 points or more. By reason of mandatory suspension under the point system, the Superior Court reexamined scope of review upon appeal

of suspension by the secretary in a line of cases beginning with Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968), and following with Baumer Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 372, 243 A. 2d 472 (1968), and Wall Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 376, 243 A. 2d 475 (1968). By them, the court held that suspension thereunder is mandatory and that appeal is limited to determining whether the driver was convicted and whether the secretary properly computed points. We know of no cases reexamining the scope of review since the adoption of the Constitution of 1968 in light of Article V, §9, supra, but we query whether or not the reasoning of the Commonwealth Court in Hosek, supra, may be extended to enlarge such limited review.

Also noteworthy is another line of decisions since addition of section 619.1 to the code which might have been categorized under another group. Reference is made to a suspension under section 618(b)(2) of the code by reason of an offense not enumerated by section 619.1 for a period of time in excess of that which would have been required under section 619.1 had the offense been enumerated therein. It has been held that such a suspension by the secretary under section 618(b) (2) of the code is proper and not an abuse of discretion: Moffa Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 278, 257 A. 2d 615 (1969); Commonwealth v. Vekovius, 2 Comm. Ct. 226 (1971); Commonwealth v. Carrescia, 62 Luz. 56, 278 A. 2d 371 (1972).

*Group 4:* Suspension of operating privileges of nonresidents under section 618(d) of the code. Section 619.1 of the code applies only to persons licensed under the provisions of section 601 of the code. Where the secretary imposed a period of suspension upon a nonresident operator under section 618(d) of the

code in excess of that provided for under section 619.1 for a resident operator, it has been held that such suspension did not constitute an abuse of discretion: Commonwealth v. Ruschmann, 39 Northamp. 106 (1969).

*Group 5:* Cases involving suspension under section 618 of the code for acts or states of affairs occurring or existing within the Commonwealth. It has been firmly established by numerous decisions of our Supreme Court that it is the duty of the court to hear de novo. See cases cited in Commonwealth v. Wagner, 364 Pa. 566, 73 A. 2d 676 (1950). The most cited of them is Commonwealth v. Funk, 323 Pa. 390, 186 Atl. 65 (1936). There, the court held that the determination of "whether the petitioner is subject to suspension of operator's license or learner's permit under the provisions of this act" indicates that it is the duty of the court to hear de novo the witnesses of the Commonwealth and the witnesses of the licensee, and, from the testimony taken, to determine anew whether the operator's license should be suspended.

Appellant contends:

1. That neither complaint nor indictment adequately alleged misdemeanor, since neither alleged that appellant knowingly or willfully violated the regulation as required by section 12 of the act.

2. That, even though it may not have been essential to allege mens rea, appellant did not, in fact, knowingly or willfully violate the regulation.

3. That, even though appellant may have knowingly and willfully violated the regulation, there were mitigating circumstances.

4. That, even though he may have knowingly and willfully violated the regulation and even though there were no mitigating circumstances, there were

other extenuating circumstances rendering the secretary's suspension an abuse of discretion.

5. That he was not guilty of violating the regulation since failure to have possession of certificate of medical examination pursuant to the regulation did not pertain to "routing, parking or other act in the actual operation of a vehicle."

6. That section 12 of the act provides for a cruel and unusual punishment.

7. That the legislature's delegation to the board, by section 6 of said act, to prescribe regulations, violations of which under section 12 of the act would be misdemeanors, constituted an invalid delegation of legislative power.

The Commonwealth contends:

1. That appellant's conviction in Blair County is binding upon this court and not subject to collateral attack.

2. That suspension by the secretary was mandatory upon receipt of certification of such conviction.

3. That appellant had no right of appeal to this court from suspension by the secretary.

4. That payment of fine and costs is an admission of conviction binding upon this court on appeal.

5. That scope of review by this court is limited to determination whether or not the secretary complied with the statute.

This decision falls under our Group 5 category. Features thereof are (1) that underlying suspension was discretionary with the secretary and (2) that on appeal from the secretary the court hears de novo. The first feature refutes the Commonwealth's second contention, and the second feature refutes Commonwealth's first and fifth contentions. In support of its fifth contention, the Commonwealth cited Preston

Motor Vehicle Operator License Case, 216 Pa. Superior Ct. 415, 268 A. 2d 134 (1970), but Preston involved a point suspension and, therefore, falls under our Group 3 category, one of the features of which is that appeal is limited to determining whether the driver was convicted and whether the secretary properly computed points. As heretofore stated in this paragraph, this fifth contention is also refuted by second feature of Group 5 category, i.e., that on appeal from the secretary the court hears de novo. The Commonwealth's second and third contentions were based upon erroneous belief that this decision falls under our Group 1 category. That erroneous belief resulted from language contained in Ullman Case, supra, but the Ullman Case involved a conviction of operating a motor vehicle while under the influence which, prior to Hosek Case, supra, supported a mandatory and nonappealable revocation. In support of its fourth contention that payment of fine and costs is an admission of conviction binding upon this court on appeal, the Commonwealth cited Preston Case, supra. That case, as hereinbefore mentioned, was a points case, Group 3 category, and was subject to limited review on appeal by virtue of Virnelson Case, supra, and cases which followed it. The court in Preston held that payment of fine and costs was an admission of conviction, but it did not hold, as contended by the Commonwealth, that such an admission of conviction is binding upon appeal in a Group 5 category decision.

We agree with appellant's first contention that neither complaint nor indictment adequately alleged misdemeanor, since neither alleged that appellant knowingly or willfully violated said regulation as required by section 12 of the act. At common law, a crime required two elements, an act and an evil intention: 21 Am. Jur. 2d, Criminal Law, §81. Section

12 of said act specifically incorporated a mental element by providing that it would be a misdemeanor thereunder to knowingly or willfully violate any regulation. Since neither the complaint nor indictment contained an allegation of the mental element, no crime was charged. Since our hearing was de novo, we hold that his plea in Blair County was a nullity.

We agree with appellant's second contention that, even though it may not have been essential to allege mens rea, appellant did not, in fact, knowingly or willfully violate said regulations. Although a guilty intention may sometimes be inferred from the act, the act here charged was not such that a criminal intent could be inferred from the volitional execution of the act. Here, the only evidence as to criminal intent was denial by appellant which the Commonwealth did not undertake to rebut.

We agree with appellant's third contention that, even though appellant may have knowingly and willfully violated said regulation, there were mitigating circumstances. It could be argued that appellant had some knowledge of some regulation at the time of his first encounter with a State Policeman two or three weeks prior to his apprehension. However, the policeman's advice to appellant that he would advise whether or not appellant was required to have a medical certificate and appellant's reliance upon such advice certainly subtracted from his culpability for having operated after knowing that he may then be subject to some regulation requiring a medical certificate. Again, it is significant that the Commonwealth offered no evidence to rebut the testimony of appellant.

We agree with appellant's fourth contention that, even though he may have knowingly and willfully violated said regulation and even though there were no mitigating circumstances, there were other extenu-

ating circumstances rendering the secretary's suspension an abuse of discretion. We find extenuating circumstances in (1) that said Wolf had engaged in industrial gas business for 26 years but had never heard of the act nor of the regulation; (2) that procedure established by section 8 of said act for publicizing regulations may not have been effectual in giving notice to the trade; and (3) that neither the justice of the peace nor the State Policeman whom appellant first encountered were familiar with the act. By reason of foregoing extenuating circumstances, we believe that said act may have been honored more in its breach than in its observance and that it would be unjust to impose one year of suspension of operating privilege, particularly upon one such as appellant who requires his operating privilege to perform his work and maintain his job.

We reject appellant's fifth contention that he was not guilty of violating said regulation, since failure to have possession of certificate of medical examination pursuant to the regulation did not pertain to "routing, parking or other act in the actual operation of a vehicle." That the legislature intended "qualification of drivers" to be included within the reference to "other matters relating to operation of a vehicle" is apparent from paragraph (2) of section 6 of the act where the legislature empowered the board to prescribe regulations pertaining "to qualification of drivers and other matters relating to operation of such vehicles."

We reject appellant's sixth contention that section 12 of said act provides for a cruel and unusual punishment. Amendment VIII to our Federal Constitution provides:

"Excessive bail shall not be required, nor excessive

fines imposed, nor cruel and unusual punishments inflicted."

Article 1, sec. 13, of the Constitution of 1968 provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted."

Appellant argued that section 12 of the act provides for a cruel and unusual punishment by contrasting its misdemeanor designation and fine ranging from $25 to $500 with summary designation and fine ranging from $10 to $100 on first offense for violating regulations of the Department of Labor and Industry relating to explosives under the Act of July 1, 1937, P. L. 2681, 73 PS §162, and relating to blasting operations under 73 PS §168. Although we do not regard appellant's contrast as significant, we do believe that it is significant that said regulation relates to transportation of industrial gases upon public highways whereas mentioned regulations relate to explosives and blasting and do not relate to transportation of explosives upon public highways. By comparison of penalty for violation of said regulation with penalties for operating a motor vehicle while under the influence, operating a motor vehicle without the consent of owner and other misdemeanors under the code, it appears that the legislature was consistent in prescribing penalties for misdemeanors involving the operation of motor vehicles. The power to prescribe the penalty to be imposed for commission of crime rests with the legislature, not with the courts: 21 Am. Jur. 2d, Criminal Law, §577. Such constitutional provisions are, in general, aimed at inhuman and barbarous penalties. Regardless of its severity, a sentence imposing punishment within the limits prescribed by a valid statute cannot amount to cruel and unusual punishment: 21 Am. Jur. 2d,

Criminal Law, §610, et seq. Appellant has cited no authority, and we have found none, in support of his contention that classification of crimes and prescription of penalties with such insignificant variations constitute imposition of excessive fines or inflict cruel and unusual punishment.

We reject appellant's seventh contention that the legislature's delegation to the board, by section 6 of said act, to prescribe regulations, violations of which under section 12 of said act would be misdemeanors, constituted an invalid delegation of legislative power. If the legislature establishes primary standards and then delegates to an administrative body discretionary power to ascertain, under and pursuant to the legislative enactment, the circumstances on which the enactment, by its own terms, makes its own action depend, such delegation is not invalid. 1 P.L. Encyc. 259, §8. Here, the act defined "hazardous substance," stated legislative policy of balancing the public interest in safety on one hand and economic activities on the other hand, and empowered the board to prescribe regulations for the transportation of hazardous substances. As stated, supra, section 12 of the act provided that violations of such regulations would be misdemeanors. Although we have found no Pennsylvania decisions on point, the Federal District Court for the Western District of Pennsylvania held in United States v. Grunenwald et al., 66 F. Supp. 223, that the delegation to an administrative body of power to prescribe regulations providing for punishment as a public offense is not invalid. Although a Federal question was not there involved which would require a State court to follow that decision, the decision therein is persuasive and may be followed: 10 P.L. Encyc. 105, §83.

## CONCLUSIONS OF LAW

1. When mens rea is an element of a criminal offense, then mens rea must be alleged.

2. When mens rea is an element of a criminal offense, the same must be proven unless guilty intention can be inferred from the act.

3. Suspension by the secretary when mitigating circumstances exist may constitute an abuse of discretion.

4. Suspension by the secretary when extenuating circumstances exist may constitute an abuse of discretion.

5. Suspension by the secretary for a period of one year constituted an abuse of discretion.

## ORDER

Now, October 27, 1972, appeal is sustained. Appellant shall pay the cost of this proceeding. Exception is noted to Horace J. Culbertson, Esq., attorney for the Commonwealth.