## Brem Appeal

*Edward R. Casey, Jr.*, for appellant.

*Michael Minkin*, Assistant Attorney General, for Commonwealth.

MOUNTENAY, J., November 9, 1972.—This matter comes before the court on appeal from an order of the Secretary of Transportation suspending appellant's operating privileges for a total period of 75 days. After hearing, we make the following

## FINDINGS OF FACT

1. Appellant, a resident of Bucks County, is the holder of a Pennsylvania license to operate motor vehicles.

2. As of February 9, 1971, appellant had, on the basis of prior convictions for various vehicle code violations, accumulated a total of seven points pursuant to section 619.1 of The Vehicle Code of April 29, 1969, P. L. 58, as amended, 75 PS §619.1.

3. On February 9, 1971, appellant, without demanding a hearing, paid fine and costs to a justice of the peace after having been issued a citation charging him

with operating at the rate of 65 miles per hour in a 45-mile-per-hour zone in violation of section 1002(b)(4), 75 PS §1002(b)(4).*

4. The Secretary of Transportation, regarding the payment of fine and costs as a "conviction," added six points to appellant's driving record which now totaled 13 points. Thereupon, the Secretary of Transportation imposed a 15-day period of suspension for operating between 16 and 20 miles per hour in excess of the speed limit as provided in section 619.1(b), and in addition thereto imposed a 60-day period of suspension under section 619.1(i) and (k), the two periods of suspension to run consecutively.

## DISCUSSION

The only issue raised by appellant is the propriety of the suspension in view of the circumstances under which he paid his fine and costs. Appellant testified that he was not really guilty of a speeding violation but that, in discussing his citation with the secretary of the justice of the peace, he was told that he would probably be found guilty anyway and that it would be easier for him to pay the fine and costs immediately. Appellant testified that the secretary told him that if he ignored the matter, a warrant would be issued for his arrest. Appellant's testimony in this regard is uncorroborated, and appellant failed to call the secretary in question as a witness. The Commonwealth has established the prima facie case when it produces the records of convictions and the secretary's record com-

---

* We note that section 1002(b)(4) imposes speed limits of 25, 35 and 40 miles per hour but makes no provision for a 45 mile-per-hour speed limit. Appellant should probably have been charged under a different subsection of section 1002. However, this question was not raised by appellant, and, accordingly, we shall ignore it.

piled therefrom justifying the suspension: Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 368 (1968). Beyond this point, the burden is on the appellant to sustain his contention, and we are of the opinion that he has failed to meet this burden.

But even if the court were to accept the testimony of appellant, which it does not, the assignment of points under section 619.1 is based upon the secretary's record of *conviction*, not upon the circumstances of or even the fact of the violation. Section 619.1(b) states, in part: "The secretary shall maintain a record of *convictions* . . . and shall assign . . . a number of points for each such *conviction* . . .". (Italics supplied.) Appellant's payment of fine and costs constitutes an admission of conviction: Virnelson Motor Vehicle Operator License Case, supra; Commonwealth v. Halteman, 192 Pa. Superior Ct. 379 (1960). Even the payment of fine "under protest" constitutes an admission of conviction: Preston Motor Vehicle Operator License Case, 216 Pa. Superior Ct. 415 (1970). See also Hunsicker License, 53 D. & C. 2d 469 (1971). Accordingly, the Secretary of Transportation was justified in assessing points and in suspending under the provisions of section 619.1 upon being notified of appellant's payment of fine and costs.

We note in passing that the secretary ordered that the 60-day period of suspension imposed under section 619.1(i) and (k) run consecutive to the 15-day period of suspension imposed under section 619.1(b). The practice of imposing consecutive periods of suspension under section 619.1 was implicitly approved in Commonwealth v. Hepler, 2 Comm. Ct. 516, 522 (1971).

ORDER

And now, November 9, 1972, the within appeal is

dismissed, and the order of the Secretary of Transportation suspending the operating privileges of appellant for the period of 75 days is reinstated and affirmed.