Commonwealth of Pennsylvania *v.* Gary Alloway.
Gary Alloway, Appellant.

Argued September 10, 1976, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*Charles B. Swigart,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *John L. Heaton,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, October 28, 1976:

Gary Alloway (Alloway) appeals here from a decision of the Court of Common Pleas of Franklin County which affirmed a revocation of his motor vehicle operating privileges by the Department of Transportation, Bureau of Traffic Safety (Bureau). Alloway had been convicted of burglary on October 5, 1973, was sentenced on March 17, 1975, and his conviction was certified by the clerk of the court to the Bureau on March 31, 1975. On April 15, 1975, he filed an appeal with the Superior Court of Pennsylvania, and a supersedeas was entered, staying the execution of the sentence until the appeal could be heard.[1] By an order received by Alloway on June 28, 1975, his motor vehicle operating privileges were revoked by the Bureau for a period of one year, effective July 31, 1975, pursuant to Section 616(a)(2) of The Vehicle Code[2] (Code), 75 P.S. §616(a)(2).

Alloway petitioned for appeal from the order revoking his license, and, at the hearing in the lower court, the parties stipulated that his vehicle had been used in the commission of the burglary offense, that an appeal of that conviction was pending before the Superior Court of Pennsylvania, and that a supersedeas had been entered suspending the execution of the sentence imposed. Alloway also stipulated to the introduction into evidence of the Bureau's exhibits establishing the burglary conviction and the clerk's certification thereof. Following these stipulations, the Commonwealth rested and the appellant introduced no evidence. The court dismissed the appeal.

---

[1] The record is silent as to which court entered the supersedeas and its wording. The parties agree, however, that the effect of the supersedeas is to suspend the execution of the sentence entered by the lower court on the appellant's criminal conviction.

[2] Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §101 et seq.

The only question presented here is whether or not the supersedeas suspending the power of the lower court to act on its judgment also suspends the power of the Bureau to revoke the appellant's operating privileges. The lower court held that it did not. We agree.

Section 616(a)(2) of the Code provides:

(a) Upon receiving a certified record from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person: .... Cases requiring such certification follow:

. . . .

(2) Any crime punishable as a felony under the motor vehicle or tractor law of this Commonwealth, or any other felony in the commission of which a motor vehicle or tractor is used.

Our scope of review of a lower court's affirmation of a license revocation is limited to a determination of whether or not the findings of fact are supported by competent evidence and whether or not the conclusions of law are correctly made. *Martz v. Bureau of Traffic Safety,* 24 Pa. Commonwealth Ct. 26, 354 A.2d 266 (1976); *Commonwealth v. Denham,* 12 Pa. Commonwealth Ct. 593, 317 A.2d 328 (1974). Inasmuch as all evidence of record in the lower court was entered by stipulation, we are here only concerned with the lower court's conclusions of law.

Section 506(a) of the Appellate Court Jurisdiction Act of 1970,[3] 17 P.S. §211.506(a) provides:

---

[3] Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.101 et seq.

(2) Criminal matters. An appeal to an appellate court in a criminal matter shall not operate as a supersedeas unless it has been specially allowed by the lower court or by the appellate court or a judge thereof, who shall have power to admit to bail and to make an order of supersedeas or any other order which justice may require.

It is clear that a supersedeas in criminal matters is not a privilege, and that it must be requested by the defendant from either the lower court or the appellate court. Although it is unclear which court granted it in this case, the supersedeas here only directed the lower court to suspend execution of its sentence until Alloway's appeal had been heard. There is nothing in the record to indicate that either court entered an order suspending the power of the Bureau to revoke the appellant's operating privileges. We do not believe, therefore, that the supersedeas granted in this case, which was directed only to the court which had sentenced the appellant in a criminal matter, also precluded the Bureau from performing its mandated task of revoking the appellant's operating privileges. We must hold, therefore, that the supersedeas entered in this case has no effect upon the revocation of the appellant's operating privileges pursuant to Section 616(a)(2) of the Code. Moreover, in *Commonwealth v. Freeman*, 24 Pa. Commonwealth Ct. 519, 357 A.2d 248 (1976), we held that, in mandatory license revocation cases, the court of common pleas must determine only whether or not the Bureau has complied with the provisions of the Code. In this case, the stipulations of the parties in the lower court establish the Bureau's compliance with the Code, and the order of the lower court is therefore affirmed.

## ORDER

AND Now, this 28th day of October, 1976, the decision of the Court of Common Pleas of Franklin Coun-

136

ty, dated October 13, 1975, is hereby affirmed, the appeal of Gary Alloway from the revocation of his operator's license is dismissed, the supersedeas granted by this Court is vacated, and the order of revocation is reinstated.