## Commonwealth v. Crouse

*Gary E. Hartman*, for Commonwealth.
*Robert E. Campbell*, for defendant.

SPICER, *P.J.*, June 19, 1979—Defendant, charged with violating section 3306 of the Vehicle Code, 75 Pa.C.S.A. §3306, entered a plea of guilty before the district magistrate, and thereafter filed an appeal. The Commonwealth moved to quash the appeal on the grounds that there is no provision for appealing a guilty plea either in the rules or the law.

The court took under advisement the Commonwealth's motion and proceeded to an evidentiary hearing. At the conclusion of the Commonwealth's case, the court provisionally sustained defendant's demurrer subject to a ruling on the Commonwealth's motion.

We now overrule the Commonwealth's motion and sustain defendant's demurrer.

The sole issue in this case is whether a plea of guilty is a "conviction" within the meaning of Pa.R.Crim.P. 67, which provides in part: "(a) After conviction by an issuing authority in any summary proceeding . . . a defendant may appeal."

In interpreting this rule, there seems little basis from a policy viewpoint for distinguishing convictions by adjudication and convictions by pleas of guilty. The rule provides for a de novo hearing. Therefore, considerations as to what a plea normally admits with attendant limitations on what can be raised on appeal are not relevant.

Defendant acted in a timely manner and there is no hint that the Commonwealth has been prejudiced. Indeed, even if it were, it is still the court's understanding that the term "conviction" has always included conviction by plea of guilty. See Ballantine's Law Dictionary 270 (3d Ed. 1969), in which "conviction" is defined as "[a]n adjudication that a person is guilty of a crime based upon a verdict or, in a proper case, the ascertainment of guilt by a plea of guilty or nolo contendere." See also Preston Motor Vehicle Operator License Case, 216 Pa. Superior Ct. 415, 268 A. 2d 134 (1970).

This being so, it follows that the rule permits defendant's appeal.

Therefore, the attached order will be entered.

### ORDER

And now, June 19, 1979, the motion of the Commonwealth to quash the appeal is denied. Defendant's demurrer is sustained. Costs shall be paid by the County of Adams.