538 A.2d 122

Joseph Slomnicki, Appellant *v.* Allegheny County Health Department, Appellee.

Commonwealth of Pennsylvania, Appellee *v.* Joseph Slomnicki, Appellant.

42

Submitted on briefs December 1, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Joseph Slomnicki,* for himself.

*Robert G. Borgoyn, Jr.,* Assistant County Solicitor, with him, *James J. Dodaro,* County Solicitor, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, February 25, 1988:

Joseph Slomnicki (Appellant) appeals from an order of the Allegheny County Court of Common Pleas dismissing his appeal from a decision of the Allegheny County Health Department (Department) and from an order by the same court quashing his appeal from a summary conviction before a magistrate. Both appeals have been consolidated for our review.

Appellant is the owner of residential property located at 3101 Niagara Street in Pittsburgh, Pennsylvania. The property was inspected by the Department on July 12, 1985, and found to be in violation of Article VI of the Allegheny County Health Department Rules and Regulations dealing with houses and rooming houses. By notice dated July 19, 1985, the Department informed Appellant of the specific violations involved and gave him until August 21, 1985, to abate them.

Pursuant to Article XI of the Allegheny County Health Department Rules and Regulations, Appellant received an administrative hearing on August 21, 1985. In a written decision that same day, the hearing officer held that the violations had not been abated and that Appellant was responsible for seeing that they were corrected. Appellant appealed this decision to the Allegheny County Court of Common Pleas. After a hearing, the court dismissed the appeal by order dated April 2, 1987.

The Department filed a criminal complaint against Appellant on October 23, 1985, for failing to correct the violations listed in the notice of July 19, 1985. On November 22, 1985, Appellant was found guilty of failing to correct these violations. By order dated April 10, 1987, the trial court quashed Appellant's appeal of his conviction. In an opinion filed June 28, 1987, the trial court, relying on the transcript of the proceedings be-

fore the magistrate, noted that it was quashing the appeal because Appellant had pled guilty to the charges below. However, by letter dated April 10, 1987, the magistrate notified the trial court that several transcripts from Housing Court summary convictions were inadvertently marked as pleas of "guilty" when in fact the plea entered was "not guilty". An amended transcript of proceedings before the magistrate was filed with the trial court on August 25, 1987. The amended transcript indicated that at the November 22, 1985, hearing, Appellant actually pled "not guilty" but was found to be guilty by the magistrate and fined $1,200.00 plus costs.

On appeal to this Court from the order of April 2, 1987, Appellant contends that he is not responsible for correcting the local health code violations and therefore the court below erred in dismissing his appeal. On appeal from the order of April 10, 1987, quashing the appeal of his conviction, Appellant also contends that he is not responsible for correcting the cited violations and further that the magistrate did not have jurisdiction to impose a fine as the appeal from the trial court's order of April 2, 1987, was pending.

We disagree with Appellant's contention that he is not responsible for seeing that the violations of the Department's rules and regulations are abated. Appellant maintains that although he is the owner of the property in question, the tenant must bear the expense of abating violations of the Department's rules and regulations. Appellant is appearing *pro se* and does not elaborate further on this argument in his brief. From a careful review of the record however, we have discerned that he is arguing that the lease agreement for the property in question absolves him from liability and instead places responsibility for the condition of the property with the tenant. The lease provides that the tenant shall

pay the landlord that amount necessary to keep the premises in "good repair" and "in such condition as the Board of Health may require".[1]

Pursuant to Section 10(f) of the Local Health Administration Law,[2] the Department adopted the Allegheny County Health Department Rules and Regulations. Pursuant to Sections 621 and 626 of the Department's rules and regulations in effect as of the date of the notice of violations, responsibility for compliance with Sections 622 through 640 lies with the property owner who either occupies the dwelling or leases it to another.[3] Appellant was cited for violations of Section 622 (General Structure-Principal Members); Section 624 (General Structure-Openings); Section 630 (Utilities and Fixtures-Water Supply); and Section 632 (Utilities and Fixtures-Installation and Maintenance). Appellant was also cited for violations of Section 650 (Rodent and Pest Control-Protection Against Rodents). This section provides that no one is to lease a dwelling unit to another unless "every foundation, floor, wall, ceiling, roof, window, exterior door and basement hatchway is free from openings large enough to permit the entry of rodents."

---

[1] Although the lease agreement was admitted into evidence before the trial court, it does not appear as an exhibit to the record. However, after showing the lease to opposing counsel, Appellant read the following provision into the record:

> The lessor shall enforce payment thereof in a manner as rent in arrear as hereinafter provided, to maintain and keep the premises during the term in good repair including waterpipes, their connections and all plumbing fixtures free of rubbish and in such condition as the Board of Health may require.

Notes of Testimony from April 1, 1987, at 6.

[2] Act of August 24, 1951, P.L. 1304, 16 P.S. §12010(f).

[3] Although exceptions to this rule appear in Sections 629 and 640, these sections are not applicable to the case before us.

Although the tenant may indeed be responsible under the lease for payment to the landlord for repairs which are necessary to abate the violations, the landlord is responsible to the Department for ensuring that the violations are actually abated. Appellant may not contract such responsibility away to a third party. His only remedy is to enforce the terms of the lease agreement by requiring the tenant to pay for necessary repairs and alterations. Therefore, the court below properly dismissed his appeal of the Department's decision of August 21, 1985. However, the trial court improperly quashed Appellant's appeal from the summary conviction before the magistrate and therefore we must remand the matter for a new trial.

Pursuant to former Pa.R.Crim.P. 67(f),[4] Appellant was entitled to a de novo hearing in the trial court on the appeal from his summary conviction before the magistrate. The trial court held that Appellant could not appeal a guilty plea entered before a magistrate and quashed the appeal.

Former Pa.R.Crim.P. 67 provided that a defendant may appeal a conviction in a summary proceeding. A conviction has been defined to include "final judgment on a . . . plea of guilty". Black's Law Dictionary 301 (5th ed. 1979). *See also Commonwealth v. Crouse*, 11 Pa. D. & C. 3d 369 (1979), (denying motion to quash defendant's appeal of a guilty plea before a district magistrate), *citing Preston Motor Vehicle Operator License Case*, 216 Pa. Superior Ct. 415, 268 A.2d 134 (1970).

Former Pa.R.Crim.P. 67 established a procedure for de novo appeals to the court of common pleas. A trial de novo is actually a "retrial of the case as if the prior summary proceeding had not occurred". *Commonwealth v. Kyle*, 307 Pa. Superior Ct. 446, 405 n.3, 453 A.2d 668,

---

[4] Replaced by Pa.R.Crim.P. 86(f), effective January 1, 1986.

669 n.3 (1982). Therefore, the trial court was required to determine the facts and render a verdict of guilty or not guilty. *Kyle*. Although Appellant is responsible as owner of the property in question for violations of the local health code, the issue on remand is whether or not the property was actually in violation of the Department's rules and regulations.[5]

The trial court's order quashing the appeal was entered on April 10, 1987, and the supporting opinion was filed June 28, 1987. The record was lodged with this Court on August 3, 1987, and the magistrate did not file the amended transcript with the trial court until August 25, 1987. The Department argues that the amendment was too late as the record had already left the trial court. In light of the foregoing discussion, we need not reach this issue. Accordingly, the order of April 10, 1987, is reversed and we will remand the matter to the trial court for proceedings consistent with this opinion.

ORDER

AND NOW, this 25th day of February, 1988, the order of the Allegheny County Court of Common Pleas dated April 2, 1987, at No. S.A. 1553 of 1985, is affirmed. The order of the said court dated April 10, 1987, at No. S.A. 2186 of 1985, is reversed and the matter is remanded to the trial court for a hearing to determine whether or not Appellant was in violation of Article VI of the Allegheny County Health Department Rules and Regulations. Jurisdiction relinquished.

---

[5] We find no merit in Appellant's argument that the appeal of the order of April 2, 1987, dismissing his appeal from the determination of the Department, should have acted as a supersedeas with regard to the criminal conviction for failing to abate the violations. There is no evidence in the record that Appellant ever requested a supersedeas. A supersedeas in a criminal matter is not a privilege but must be requested by the defendant from either the lower or appellate court. *Commonwealth v. Alloway*, 27 Pa. Commonwealth Ct. 132, 365 A.2d 710 (1976).